BARKDULL, Judge.
The appellee was arrested twice in January, 1962, allegedly for driving while intoxicated. In March, 1962, he was tried before the Metropolitan Court of Dade County and convicted upon both charges. Upon the first conviction, his driver’s license was suspended for a period of 90 days. Upon the second conviction, his driver’s license was suspended ultimately for a period of 90 days. Subsequent to the expiration of the 90-day suspension period from the last conviction, the appellee filed an original proceeding in the nature of mandamus in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, to require the appellant to reissue his driver’s license. The alternative writ was issued and, following the denial of a motion to quash by the appellant, the peremptory writ was issued in September, 1962.
The statute involved is Ch. 322, Fla.Stat., F.S.A., wherein the Legislature has prescribed that upon conviction of the offense of driving while intoxicated the court shall: upon first conviction, suspend the offender’s license for a period of at least 90 days;[1] upon a second conviction, shall suspend the offender’s license for a minimum period of 6 months,[2] which is purely a ministerial act of the court. See: Smith v. City of Gainesville, Fla. 1957, 93 So.2d 105. The statute further provides that in the event the court, upon conviction, fails to designate the period of the suspension, the department shall consider the license as revoked for a maximum period provided for under the statute relative to the conviction.[3]
It is apparent from this record that the judge of the Metropolitan Court of Dade County attempted to comply with the provisions of the statute in revoking the offender’s license for the minimum period which, under the circumstances of 2 convictions within a period of 5 years, would be 6 months. The fact that the offender was convicted of the second offense first would not alter the duty of the court, under § 322.28(2), Fla.Stat., F.S.A., relating to successive convictions. Therefore, at the time the alternative writ was issued, there was no absolute right in the appel-lee to secure the return of his driver’s license, the minimum period of 6 months not having expired.
The right of mandamus as extraordinary remedy is to be determined as of the date the petition for the alternative writ of mandamus was filed. See: State ex rel. Catts v. Crawford, 72 Fla. 256, 73 So. 589. Even though it is apparent that at the time the peremptory writ was issued the 6 month period had expired, we hold that the trial judge erred in issuing the peremptory writ when, as a matter of law, the relator was not entitled to the alternative writ. Therefore, we reverse the action of the trial judge in the entry of the peremptory writ, with directions to quash the alternative writ and dismiss the cause. However, it is apparent that at the present time the minimum period prescribed under the statute has expired and the appellee is entitled to the return of his driver’s license; and, in the event the same is not forthcoming from the Department, this opinion is not to be construed as a bar to any action to seek a return of same.
Reversed with directions.

. § 322.28(2) (a), subd. 1, Fla.Stat., F.S.A.

. § 322.28(2) (a), subd. 2, Fla.Stat., F.S.A.

.§ 322.28(2) (b), Fla.Stat., F.S.A.