540 So.2d 193 (1989)
Felix PULASKI, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02320.
District Court of Appeal of Florida, Second District.
March 17, 1989.
Robert C. Hill, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Felix Pulaski appeals the denial of his motion to correct sentence. We affirm.
Appellant was charged with two counts of driving under the influence of alcohol, both counts arising from a single episode wherein two separate persons suffered bodily injury. The occurrence of these injuries classifies the offense as a third degree felony. § 316.193(3)(c)(2), Fla. Stat. (1987).[1] Appellant entered a plea of no contest and was placed on two years community control to be followed by three years probation. In conjunction with this disposition the circuit court ordered appellant's driving privileges suspended for eight years.
*194 In his motion to correct sentence appellant contested only the length of suspension. He claimed that notwithstanding the inclusion of two separate counts in the charging instrument this should be considered a "first offense" justifying suspension of his license for no more than one year. § 322.28(2)(a)(1), Fla. Stat. (1987). However, the trial court held that appellant's conviction on the second count of the information constituted a second violation for purposes of suspension. Accordingly the court was authorized to suspend the license for "not less than 5 years." § 322.28(2)(a)(2), Fla. Stat. (1987).
The briefs submitted in this case go beyond the four corners of the motion to argue that, since the two injuries occurred at the same time and place as the result of a single driving episode, only one conviction and sentence were proper. Putting aside the propriety of arguing this point for the first time on appeal, we reject this position. While this court has held that driving under the influence may be a "continuing offense," justifying only one conviction per episode, we have also distinguished the related offense of D.U.I. manslaughter as an "instant offense" occurring at one time and one place only. Hallman v. State, 492 So.2d 1136 (Fla. 2d DCA 1986); State v. Stiefel, 256 So.2d 581 (Fla. 2d DCA 1972). Furthermore, one count of manslaughter is permissible for each death sustained during a drunk driving episode. Houser v. State, 474 So.2d 1193 (Fla. 1985). Turning to the statute under which appellant was charged, the distinguishing factor between this offense and the misdemeanor offense of D.U.I. is the fact someone was injured. This, like death sustained in the course of a D.U.I. manslaughter, "is not merely an enhancement of penalty for driving while intoxicated," but a discrete crime against the person and thus an instant offense. Houser, 474 So.2d at 1196. We believe separate convictions and sentences are appropriate for each person injured by the intoxicated driver.
The question remains as to the appropriate punishment. There are certain offenses for which, under Florida law, enhanced punishment is specified for repeat offenders. For example, petit theft, ordinarily a misdemeanor, becomes a felony "upon a third or subsequent conviction." § 812.014, Fla. Stat. (1987). Similarly, punishment for multiple D.U.I. convictions is based upon an escalating scale culminating in felony status for the fourth and subsequent convictions. § 316.193(2)(a) and (b), Fla. Stat. (1987). In conjunction with the fines and jail terms provided in the foregoing statute, the defendant's driving privileges must be suspended, with the minimum length of the suspension period escalating with the number of convictions. § 322.28, Fla. Stat. (1987).[2]
Appellant suggests these enhancement provisions are intended solely of recidivists  that is, a small-time thief or drunk driver, once caught and punished, is thereafter on notice that the stakes will be higher in the event he commits the same crime again. The statutes, however, do not speak in terms of a defendant having been previously convicted of the offense in question, only of "second" and "third" convictions and so forth. In Williams v. State, 461 So.2d 1010 (Fla. 5th DCA 1984), the petit thefts relied upon for aggravation actually occurred after the petit theft which had been charged as a felony. On appeal the court drew a distinction between the theft statute and the habitual offender statute, section 775.084, with only the latter contemplating the timing of a criminal act and the date of conviction as significant factors. See, e.g., Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), quashed on other grounds, 476 So.2d 191 (Fla. 1985). More closely analogous, in the opinion of the court, were provisions dealing with the *195 use of prior felony convictions as aggravating circumstances in capital cases; here the "prior" felony offense need not have occurred before the capital offense. Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981).
A similar conclusion has been reached with respect to license suspension. In Department of Public Safety, Driver's License Division v. Mitchell, 152 So.2d 764 (Fla. 3d DCA 1963), the court attached no significance to the timing of two separate offenses when considering the trial court's duty to suspend the defendant's license for a longer period of time based on successive convictions. We see no distinction in principle between the cases cited herein, where one conviction is entered prior to another, and the present case with its simultaneous convictions. Both result in a "second" conviction for the same offense, justifying a longer suspension.
Affirmed.
SCHEB, A.C.J., and RYDER, J., concur.
NOTES
[1] (3) Any person:

(a) Who is in violation of subsection (1);
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
2. Serious bodily injury to another, as defined in s. 316.1933, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Section 322.28 is not penal in nature, but is designed to protect and promote the public safety. Its provisions should be liberally construed to facilitate this goal. § 322.42, Fla. Stat. (1987); Department of Highway Safety and Motor Vehicles v. Bender, 497 So.2d 1332 (Fla. 2d DCA 1986).