HERSEY, Chief Judge.
In this appeal from a conviction of unlawful purchase of cocaine within 1000 feet of a school, a conviction of unlawful possession of the same cocaine, and sentences rendered for those convictions, appellant raises three issues. The first two, the constitutionality of the statute and appellant’s due process argument, have been put to rest by Burch v. State, 558 So.2d 1 (Fla.1990). The remaining issue is stated thusly by appellant:
Whether the trial court erred in Entering Judgment and Sentence for both purchasing cocaine and possession of cocaine where each offense was based on a single underlying act?
We answer the proffered question in the affirmative. The legal issue implicated in our analysis is whether the legislature may provide that a single act or transaction, violative of two or more statutory prohibitions, may be punished as two or more distinct crimes without violating the constitutional proscription against double jeopardy. Prior to the Florida Supreme Court’s pronouncement to the contrary in Carawan v. State, 515 So.2d 161 (Fla.1987), on September 3, 1987, this issue would be determined by applying the test laid down by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). That test asked whether each statutory offense required proof of a fact that the other did not, and, if so, then the offenses were considered separate crimes.
Our supreme court, in Carawan, basically held that a single act could not form the basis for more than one conviction and sentence. The court denied rehearing of Carawan on December 10, 1987.
The legislature then amended section 775.021(4), Florida Statutes (Supp.1988), effective July 1, 1988. The effect of the amendment was to supercede Carawan and to restore the law to its pre-Carawan status for all cases arising after the statute’s effective date.
Here, appellant committed the crimes of which she stands convicted on December 3, 1987. The question is which test applies. Under Blockburger, both convictions and sentences would be valid. Carawan would require that the conviction and sentence for the lesser offense be vacated.
To answer that question we make the following preliminary observations. For purposes of applying Carawan, it is not material that the court denied rehearing of that case on December 10,1987, seven days after the crimes involved in this appeal were perpetrated; rather, Carawan was operative from the time it was decided on September 3, 1987. The dates of a defendant’s trial are also immaterial. Application of the July 1988 amendment to the statute to a crime committed prior to that date (as here) would constitute a prohibited ex post facto application of that amendment. See article X, section 9, Constitution of Florida. Carawan was not to be applied retroactively. State v. Glenn, 558 So.2d 4, 9 (Fla.1990). Finally, we reiterate that the *379 practical effect of the amendment is to reinstate the Blockburger test.
Given these underlying considerations, we construct the following chart:
Crime committed before July 1, 1988 and
Appeal concluded before September 3, 1987: Blockburger
Appeal concluded thereafter: Cara-wan
Crime committed after July 1, 1988: Blockburger.
Summarizing, the window for the application of Carawan has two dimensions: the crime must have been committed before July 1, 1988, and the appeal from conviction of that crime must not have been concluded before September 3, 1987.
Applying the foregoing to appellant’s circumstances, we conclude that Carawan applies. Thus, we reverse and remand with instructions to expunge the conviction and sentence for possession of cocaine. Because the sentences were to run concurrently, and the offending sentence is for the shorter term, it will not be necessary to resentenee appellant.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY and GLICKSTEIN, JJ„ concur.