## MORGAN v STATE OF FLORIDA
### Case No. 90-171-AP
Eleventh Judicial Circuit, Dade County

March 28, 1991

**APPEARANCES OF COUNSEL**

Thomas J. Morgan, Esquire, for petitioner.

Michael J. Alderman, Esquire, for respondent.

Before FULLER, MARGOLIUS, RAMIREZ, JJ.

### OPINION OF THE COURT

RAMIREZ, J.

This is a Petition for Writ of Certiorari pursuant to Florida Rules of

Appellate Procedure 9.100(c). We have jurisdiction and hereby deny the relief sought.

The petitioner, a 17-year-old driver, was arrested and charged in circuit court with five counts of driving under the influence involving great bodily injury. Section 316.193(3)(c)2, F.S. Pursuant to a plea agreement with the State Attorney's Office, the petitioner pled nolo contendere to the reduced charges of five misdemeanor counts of driving under the influence involving property damage or injury, Section 316.193(3)(c)1, F.S.

The circuit judge sentenced the petitioner in accordance with the agreement to five years' probation. As a special condition of probation, the judge ordered the suspension of petitioner's driving privileges for a period of five years. He noted that petitioner could apply for "business purposes" license after June 1, 1990, upon completion of Countermeasure School.

On June 5, 1990, the Department of Highway Safety and Motor Vehicles permanently revoked petitioner's license with no opportunity to apply for any kind of hardship license or work permit for a period of five years.

The petitioner argues that the charges stem from a single driving episode involving only one automobile accident in which five individuals were injured. As driving under the influence is a continuing offense, the petitioner contends that the department should treat this case as a single offense, even though the petitioner pled to five misdemeanor charges. He maintains that such a result was clearly intended by the circuit judge who sentenced the petitioner.

The department counters that it is required to follow the clear statutory language mandating permanent revocation of driving privileges upon four or more convictions for driving under the influence.

Although this court is not unmindful of the harsh result of its decision, it has no choice but to deny relief to the petitioner. In *Pulaski v State,* 540 So.2d 193 (Fla. 2d DCA 1989), the driver was convicted of two felony counts of driving under the influence with bodily injury, Section 316.193(3)(c)2, F.S. The convictions stemmed from a single incident in which two persons were injured. The appellant in *Pulaski* argued the same points as the petitioner does here and relied on the same cases of *Hallman v State,* 492 So.2d 1136 (Fla. 2d DCA 1986) and *State v Stiefel,* 256 So.2d 581 (Fla. 2d DCA 1972). While driving under the influence may be a general crime against society, separate

**35**

and discrete crimes against persons are committed for each person killed or injured. Thus, the *Pulaski* court held that separate convictions and sentences are appropriate for each person injured.

The only difference between *Pulaski* and this case is that the petitioner here has been convicted of driving under the influence with personal injury or property damage, Section 316.193(3)(c)1, F.S. (a misdemeanor), while the Pulaski driver was convicted of driving under the influence with great bodily injury, Section 316.193(2)(c)2, F.S. (a felony). Such a distinction does not undermine the reasoning of the *Pulaski* court.

The decision of the department and this court obviously do not give the petitioner the benefit of the plea bargain he struck with the State. However, the State Attorney's Office was not authorized to bind the department, which is an independent State Agency established by Section 20.24, F.S. The department was not a party to the agreement. The petitioner should be entitled to move the trial court to vacate his conviction and proceed to trial. At this point, the parties may be able to follow the original intent by having the State Attorney's Office drop two or more of the charges.

For the foregoing reasons, the Petition for Writ of Certiorari is hereby denied.

(FULLER and MARGOLIUS, JJ., concur).