578 So.2d 30 (1991)
Alton COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1965.
District Court of Appeal of Florida, Fourth District.
April 17, 1991.
*31 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Appellant, Alton Collins, appeals from multiple convictions and sentences arising out of an automobile accident. The pickup truck that Collins was driving struck another vehicle, killing its driver, Nichols, and seriously injuring its passenger, Fugatt.
As a result of the accident the state filed a five-count information against Collins.
Count I alleged manslaughter with unlawful blood alcohol level in that he operated a vehicle while having a blood alcohol level of .10 or higher, and by reason of such operation caused Nichols's death, violating section 316.193(1)(a), (b), and section 316.193(3)(a), (b), and (c)(3).
Count II alleged DUI manslaughter in that he operated the vehicle while he was under the influence of alcohol to the extent that his normal faculties were impaired, and by reason of such operation caused Nichols's death, violating the same statutes.
Count IV alleged serious bodily injury with unlawful blood alcohol level in that Collins operated the vehicle with a blood alcohol level of .10 or higher and by reason of such operation caused serious injury to Isabel Fugatt, violating section 316.193(1)(a), (b) and section 316.193(3)(a), (b), and (c)(2).
Count V alleged DUI with serious bodily injury in that Collins operated the vehicle while under the influence of alcohol to the extent his normal faculties were impaired, and by reason of such operation caused serious injury to Fugatt, in violation of section 316.193(1)(a), (b) and section 316.193(3)(a), (b), and (c)(2).
Appellant was tried on all counts. On Count I the jury found appellant guilty not of manslaughter while driving with an unlawful blood alcohol level but rather guilty of the lesser included offense of driving with unlawful blood alcohol level. On Count II, it found appellant guilty as charged, of manslaughter while driving under the influence of an alcoholic beverage. On Count IV, the jury found appellant guilty not of causing serious bodily injury while driving with an unlawful blood alcohol level, but rather guilty of the lesser included offense of driving with an unlawful blood alcohol level. On Count V, the jury found appellant guilty as charged, of causing serious bodily injury while driving under the influence of an alcoholic beverage.
The court entered judgment on all four counts and appellant moved for a new trial. Appellant gave several grounds, but he did not raise the issues he raises in this appeal: a double jeopardy issue and that the jury's verdicts were inconsistent. The court entered prison sentences of seven years followed *32 by seven years probation on Count II and five years on Count V. The court also permanently revoked appellant's license because he had four convictions (the four arising from this incident) for driving while intoxicated/under the influence. Appellant did not object to the imposition of sentence.
Appellant raises four issues on appeal. As to the first, that the verdicts were inconsistent, we find that any error was not fundamental and therefore has been waived by appellant's failure to bring the purported error to the attention of the trial court.
The second point on appeal deals with an evidentiary matter and here, again, we find waiver. The trial court directed appellant to proffer any questions he wanted to pose to the witness on a particular issue and appellant chose not to do so. He cannot now be heard to complain that it was error to refuse to permit such questions.
We also affirm the trial court's permanent revocation of appellant's driver's license. § 322.28(2)(e), Fla. Stat. (1987). See also Pulaski v. State, 540 So.2d 193 (Fla. 2d DCA), rev. denied, 547 So.2d 1210 (Fla. 1989).
Finally, we consider appellant's third point on appeal:
WHETHER THE TRIAL COURT ERRED IN ADJUDICATING AND SENTENCING APPELLANT ON BOTH COUNTS I AND II AND ON COUNTS IV AND V, WHERE COUNT I IS A NECESSARILY INCLUDED OFFENSE OF COUNT II, AND COUNT IV IS A NECESSARILY LESSER INCLUDED OFFENSE OF COUNT V?
Appellant challenges here the convictions and sentences on Counts I and IV, arguing that they must be vacated on double jeopardy grounds because they are lesser included offenses of Counts II and V, respectively. This issue is governed partly by Carawan v. State, 515 So.2d 161 (Fla. 1987) because the accident occurred before July 1, 1988. See Scarpillo v. State, 576 So.2d 377 (Fla. 4th DCA 1991).
On Count II, the court adjudicated appellant guilty of the DUI manslaughter of Nichols while driving under the influence of an alcoholic beverage. On Count I (charged as a manslaughter count), it adjudicated him guilty of the lesser included offense of DUI by driving with unlawful blood alcohol level of .10 or higher. This was error. DUI is a lesser included offense of DUI manslaughter. "All of the DUI elements fall within the greater offense of DUI manslaughter." Kurtz v. State, 564 So.2d 519, 521 (Fla. 2d DCA 1990) (discussing 1988 version of statute, which is identical to 1987 version in this respect). Accord Satterfield v. State, 553 So.2d 793 (Fla. 1st DCA 1989). The dual convictions cannot stand.
Appellant raises a second double jeopardy claim. On Count V, the court adjudicated appellant guilty of DUI causing serious bodily injury to Fugatt while driving under the influence of an alcoholic beverage. On Count IV, the court adjudicated appellant guilty of DUI driving with an unlawful blood alcohol level of .10 or higher. This latter count also arose in the context of Fugatt's injury. This court has held that convicting for both driving under the influence and driving with unlawful blood alcohol level arising out of the same incident is reversible error. Parrish v. State, 561 So.2d 685 (Fla. 4th DCA 1990). Section 316.193 creates only one DUI offense; the offense may be proven either by showing unlawful blood alcohol level (.10 or higher) or by showing impairment due to influence. These are not separate offenses. State v. Rolle, 560 So.2d 1154 (Fla.), cert. denied, ___ U.S. ___, 111 S.Ct. 181, 112 L.Ed.2d 144 (1990). Therefore, on remand the trial court must vacate one of these convictions.
In summary, we reverse as to Counts I and IV and remand with instructions to vacate the judgments on those counts; in all other respects we affirm.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
POLEN, J., and WALDEN, JAMES H., Senior Judge, concur.