ALTENBERND, Judge,
concurring.
On October 29,1992, Samuel Voorhees was convicted and sentenced concerning two counts of DUI with property damage. The two charges arose out of a single automobile accident in which Mr. Voorhees lost control of his car and damaged the property of three different people before his car came to a stop. He seeks certiorari review of an order, rendered by the circuit court in its appellate capacity, affirming his enhanced sentence on the second count of DUI with damage to property because it occurred within three years “from the date of a prior conviction” in count one. § 316.193(6)(b), Fla.Stat. (1991). The circuit court based its affirmance of the county court order on Pulaski v. State, 540 So.2d 193 (Fla.2d DCA), review denied, 547 So.2d 1210 (Fla.1989).
I am not convinced that the legislature intended a second conviction on the same date as the first conviction, arising out of a single accident, to be a second conviction “from” the date of the prior conviction. Section 316.193(6) establishes a criminal penalty and should be construed in favor of the defendant. The statute discussed in Pulaski merely authorized a longer suspension of driving privileges, as a civil penalty, upon a second conviction.
Nevertheless, Mr. Voorhees does not claim that his convictions for two counts of DUI with property damage under these circumstances are impermissible. Without relying on an enhancement for a second subsequent conviction, the trial court was authorized to sentence Mr. Voorhees to consecutive sentences, so long as the sentences did not exceed the penalties for first-degree misdemeanors allowed by section 775.082 or section 775.083, Florida Statutes (1991). See § 316.193(3)(e)(l), Fla.Stat. (1991). Mr. Voorhees’ sentences are well within those restrictions. Accordingly, I agree that he is not entitled to certiorari relief.