634 So.2d 1103 (1994)
Andrew JACKSON, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 92-2025.
District Court of Appeal of Florida, Fourth District.
April 6, 1994.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, *1104 West Palm Beach, for appellant, cross-appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee, Sharon A. Wood, Asst. Atty. Gen., West Palm Beach, for appellee, cross-appellant.
EN BANC
KLEIN, Judge.
We affirm appellant's convictions for driving under the influence, but reverse the permanent revocation of his driver's license under section 322.28(2)(e), Florida Statutes (1991), because we conclude that the statute contemplates convictions arising out of separate driving episodes, not multiple convictions arising out of one driving episode.
Appellant, while driving under the influence, struck and injured a deputy sheriff who was standing behind his vehicle investigating a prior accident, and knocked the deputy's vehicle into another vehicle. Appellant was convicted of one count of driving under the influence causing serious bodily injury, and two counts of driving under the influence causing property damage because two vehicles were damaged.[1]
Appellant had one prior DUI conviction. The trial court concluded that the three convictions arising out of this accident, when added to the one prior DUI conviction, constituted four convictions and permanently revoked defendant's driver's license under section 322.28, Florida Statutes (1991).
The pertinent provisions of section 322.28 provide:
(2)(a) Upon conviction of the driver, the court, along with imposing sentence, shall revoke the driver's license or driving privilege of the person so convicted and shall prescribe the period of such revocation in accordance with the following provisions:
1. Upon a first conviction for a violation of the provisions of s. 316.193, except a violation resulting in death, the driver's license or driving privilege shall be revoked for not less than 180 days or more than 1 year.
2. Upon a second conviction within a period of 5 years from the date of a prior conviction for a violation of the provisions of s. 316.193 or former s. 316.1931 or a combination of such sections, the driver's license or driving privilege shall be revoked for not less than 5 years.
3. Upon a third conviction within a period of 10 years from the date of conviction of the first of three or more convictions for the violation of the provisions of s. 316.193 or former s. 316.1931 or a combination of such sections, the driver's license or driving privilege shall be revoked for not less than 10 years.
* * * * * *
(2)(e) The court shall permanently revoke the driver's license or driving privilege of a person who has been convicted four times for violation of s. 316.193... . (Emphasis added)
Appellant argues that the fourth conviction provision, read in light of the second and third conviction provisions, means that the convictions must have arisen out of separate driving episodes.
In Collins v. State, 578 So.2d 30 (Fla. 4th DCA 1991), this court affirmed a permanent revocation of a driver's license based on four conviction for driving under the influence arising out of one incident. In Collins, this court did not discuss the wording of the statute, but simply cited Pulaski v. State, 540 So.2d 193 (Fla. 2d DCA), rev. denied, 547 So.2d 1210 (Fla. 1989).
In Pulaski the second district affirmed a revocation based on the second conviction classification under the statute, where the two convictions arose out of the same accident, relying on Department of Public Safety v. Mitchell, 152 So.2d 764 (Fla. 3d DCA 1963). Mitchell, however, involved two convictions for two different accidents occurring in the same month, with the defendant being convicted for the second incident prior to being convicted for the first incident. Mitchell, *1105 therefore, does not support Pulaski. Moreover in Department of Highway Safety v. Bender, 497 So.2d 1332, 1334 (Fla. 2d DCA 1986), also cited in Pulaski, the second district stated with regard to this statute:
The legislature has consistently indicated its intent to provide greater protection to the public from persons who had accumulated multiple DUI convictions.
* * * * * *
Obviously, the public is more susceptible to harm from one who has a pattern of driving under the influence. (Emphasis added).
Bender, accordingly, lends no support to Pulaski.
The state would have us read the fourth conviction provision in isolation, because standing alone that provision would appear to authorize permanent revocation for four convictions even though they arose out of one driving episode. As this court recently noted, however, statutory phrases are not to be read in isolation, but rather within the context of the entire section. Arthur Young & Co. v. Mariner Corp., 630 So.2d 1199 (Fla. 4th DCA 1994), and cases cited therein.
There are several recent decisions in which our courts have had to decide whether statutes contemplated sequential convictions arising out of different incidents or multiple convictions arising out of one incident. Although the statutes construed in those cases are different, the courts' analyses in those cases is pertinent.
In Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), the appellant argued that sequential convictions were required for habitualization under section 775.084, Florida Statutes (1988). The defendant had been found guilty of battery and grand theft committed on the same day in 1989. His record revealed two previous felonies committed days apart in September 1987. He had pled to those previous offenses on the same day and was sentenced for both felonies at one sentencing hearing. The state pointed out that the 1988 version of the habitual offender statute made no mention of sequential convictions, although sequential convictions had previously been part of the statute. The first district concluded that the sequential conviction requirement still existed because it was necessary to carry out the purpose and intent of the statute, but certified the question.
Our supreme court disagreed and held that where the plain meaning of the statute did not require sequential convictions, the statute should not have been so construed. State v. Barnes, 595 So.2d 22 (Fla. 1992). The court did observe, however, that the sequential conviction requirement had formerly served a very important justification for a habitual sentence and suggested that the legislature re-examine the statute in that regard. The legislature, apparently reacting to Barnes, promptly amended the statute to make it clear that sequential convictions were necessary. Ch. 93-406, § 2, at 2915 Laws of Fla.
In Barnes the two prior convictions, which occurred the same day, did arise from separate incidents. In Cooper v. State, 625 So.2d 1326 (Fla. 1st DCA 1993), the issue was whether the defendant could be sentenced as a habitual offender based on two prior felony convictions arising from a single incident. The first district concluded the defendant could be sentenced as a habitual offender, based on Barnes, even where the prior convictions arose from a single incident. Judge Zehmer dissented and suggested that the supreme court's opinion in Barnes was contrary to legislative intent, as evidenced by the subsequent legislative change.
The 1988 habitual offender statute interpreted in Barnes did not contain language similar to the second and third conviction provisions in the statute involved in this case. Thus, while Barnes illustrates the importance of interpreting statutes according to their plain meaning, it is not controlling here.
In Boutwell v. State, 631 So.2d 1094 (Fla. 1994), our supreme court held that the defendant could not be convicted of four counts of driving while his license was suspended, where he injured four people in one accident. Section 322.34(3), Florida Statutes (1991), under which Boutwell was convicted, contains language which could literally be interpreted as allowing four convictions from one accident. In holding that there should only be *1106 one conviction the court pointed out that there was no intent to commit separate crimes and that it was "fortuitous that four persons were injured as a result of Boutwell's negligent driving instead of only one." There are certainly similarities between Boutwell and the present case. Just as in Boutwell, there was no intent here to commit separate crimes, and it was "fortuitous" here that the single driving episode injured one person and damaged two vehicles.
Construing the statute as the state would have us construe it would mean that a person who repeatedly drives under the influence, but is only convicted once as a result of each episode, is not subject to permanent revocation of his driver's license until his fourth driving episode. A first offender involved in an accident which by chance produces four convictions, however, would have his license permanently revoked as a result of one episode. Yet it is the former who poses the greatest danger to the public.
Just as we started our analysis of principles of statutory interpretation with Arthur Young & Co., we return to it, because we conclude that its holding, which is that statutory provisions are to be read within the context of the entire statute, is the most appropriate principle to apply here. In Arthur Young & Co. Judge Warner quoted from Justice Scalia's concurring opinion in Green v. Bock Laundry Machine Co., 490 U.S. 504, 527-30, 109 S.Ct. 1981, 1994-95, 104 L.Ed.2d 557, 575-576 (1989):
The meaning of terms on statute books ought to be determined ... on the basis of which meaning is (1) most in accord with context and ordinary usage, and thus most likely to have been understood by the whole Congress which voted on the words of the statute (not to mention the citizens subject to it), and (2) most compatible with the surrounding body of law into which the provision must be integrated.
A reading of the fourth conviction provision in context with the second and third conviction provisions of this statute leads us to conclude that the overall scheme is for increased terms of suspension based on the number of times the defendant drives under the influence, not based on the happenstance consequences of one episode of driving under the influence. The statute increases the length of suspension each time the offender repeats the offending conduct, and when the offender does it the fourth time, his driving privileges are permanently revoked.
We therefore affirm appellant's convictions, reverse the permanent revocation of his driver's license, recede from Collins, and certify conflict with Pulaski.
DELL, C.J., and ANSTEAD, HERSEY, GLICKSTEIN, GUNTHER, STONE, WARNER, POLEN, FARMER, PARIENTE and STEVENSON, JJ., concur.
NOTES
[1] Appellant does not argue that he could not be convicted of multiple counts of driving under the influence arising out of one accident. See Pulaski v. State, 540 So.2d 193 (Fla. 2d DCA), rev. denied, 547 So.2d 1210 (Fla. 1989).