738 So.2d 1023 (1999)
Angel COLON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3609.
District Court of Appeal of Florida, Fourth District.
August 18, 1999.
Roland Anthony Ulloa and F.C. Hutchinson, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for appellee.
ROTHSCHILD, RONALD J., Associate Judge.
We affirm appellant's conviction for two counts of driving under the influence ("D.U.I.") with serious bodily injury and two counts of D.U.I.") with injury to property or person. See Melbourne v. State, 679 *1024 So.2d 759, 765 (Fla.1996) (a defendant's right against double jeopardy is not violated where he is charged and convicted of multiple counts of D.U.I. with injury or property damage arising out of a single episode).
We reverse, however, appellant's conviction for one count of misdemeanor D.U.I. In Deviney v. State, 579 So.2d 373, 373 (Fla. 4th DCA 1991), the court held that a conviction for driving under the influence must be reversed where the defendant was also convicted of D.U.I. with serious bodily injury arising out of the same incident. A charge of misdemeanor driving under the influence "is a lesser included offense of driving under the influence with an accident," which would allow a defendant to be sentenced twice for the same offense. Id.; see also Collins v. State, 578 So.2d 30, 32 (Fla. 4th DCA 1991), receded from on other grounds by Jackson v. State, 634 So.2d 1103 (Fla. 4th DCA 1994).
The appellant's claim for re-sentencing based upon the corrected scoresheet is without merit, as the new score remains in the same bracket and is essentially de minimis. See Sanders v. State, 621 So.2d 723, 728 (Fla. 5th DCA 1993).
Affirmed in part; reversed in part.
SHAHOOD and TAYLOR, JJ., concur.