STONE, J.
We affirm, in part, an order granting Lainez’s motion to dismiss for lack of jurisdiction.
Lainez was charged with felony DUI, pursuant to section 316.193, Florida Statutes, based on five prior DUI convictions. It is undisputed that his conviction of four counts of DUI serious bodily injury and one count of DUI arose from a single driving episode involving a single traffic accident.
Section 316.193(2)(b), Florida Statutes, provides that “[a]ny person who is convicted of a fourth or subsequent [DUI conviction] is guilty of a felony of the third degree.... ” We conclude that prior convictions arising from one episode do not qualify as predicate offenses under the felony DUI statute. Cf. Jackson v. State, 634 So.2d 1103 (Fla. 4th DCA 1994). In its order, the trial court reasoned,
The laws that govern the crime of Driving Under the Influence contemplate an overall scheme that increases the penalties “based on the number of times the defendant drives under the influence, not based on the happenstance consequence of one episode of driving under the influence.” Jackson v. State, 634 So.2d 1103, 1106 (Fla. 4DCA 1994). Therefore, since the Defendant’s priors all arose out of one episode rather than separate events[,] they do not qualify as predicate offenses for a Felony Driving Under the Influence. It is clear, and both the State and Defense agreed, that the Court would only be allowed to revoke the Defendant’s driving privilege for 5 years under the holding of Jackson. Logic dictates that if the Court cannot impose the required penalty for a fourth DUI conviction, a lifetime revocation, then the Court does not have juris *618 diction to hear the offense in the first place.
We recognize that Jackson may be distinguished, as contrary to the statutory scheme of the license suspension statute addressed in Jackson, a drunk driver may be convicted of multiple offenses arising from one incident. See Melbourne v. State, 679 So.2d 759 (Fla.1996). Nevertheless, Jackson parallels the instant case. In both, multiple counts or convictions arising from a single incident are added to a separate count or conviction to arrive at a harsher penalty under the applicable statute. Also, the statutes share a similar structure. Both section 316.193 and section 322.28 list penalties for first, second, and third convictions and prescribe a harsher result for the fourth and subsequent convictions. Further, although section 316.193 and section 322.28 address different subject matter, both set forth a penalty for being convicted of DUI, in violation of section 316.193, for the fourth time. Thus, the analysis employed in Jackson is fairly applied to section 316.193.
We remand, however, as notwithstanding the proper dismissal of the felony charge, the trial court retains jurisdiction over the lesser-included surviving misdemeanor. Madison v. State, 540 So.2d 189 (Fla. 1st DCA 1989). Jurisdiction is determined solely from the face of an information or indictment. State v. Vazquez, 450 So.2d 203 (Fla.1984). We can discern no reason for creating an exception to that principle in this instance.
GUNTHER and POLEN, JJ., concur.