FARMER, J.
Byrd is in custody under a September 30, 1999, sentence of 50 months in state prison upon his conviction for driving under the influence. He did not appeal the conviction but instead filed a motion under rule 3.800(a) contending that his sentence is illegal as exceeding the statutory maximum for his offense. The state argues that the sentence is not illegal and *1148 that rule 3.800 may not be used to review legal errors underlying the conviction. If the motion were considered under rule 3.850, the state contends, Byrd would still be entitled to no relief because his argument that it was improper to reclassify his misdemeanor DUI offense to a third degree felony is based on a decision from this court rather than from either of the supreme courts, as is required by law. The trial judge agreed with the state and denied relief. We disagree and reverse.[1]
The record indisputably shows that— and the state does not contend otherwise— both of Byrd’s prior DUI convictions arose from a single incident resulting in multiple convictions. In State v. Lainez, 771 So.2d 617 (Fla. 4th DCA 2000), we held that “prior convictions arising from one episode do not qualify as predicate offenses under the felony DUI statute.” Under Lainez, Byrd’s current DUI conviction could be considered only a second offense, which could not be reclassified as a felony. See § 316.193(2)(b), Fla.Stat. (2000) (“Any person who is convicted of a fourth [e.s.] or subsequent violation of this section is guilty of a felony of the third degree .... ”).
The state argued to the trial judge, however, that Lainez represented a change in the law, and that a claim under rule 3.850 based on a change in the law must be based on a decision from either the United States Supreme Court or the Florida Supreme Court, citing Witt v. State, 465 So.2d 510 (Fla.1985). The state is mistaken in characterizing our decision in Lainez as a “change in the law.”
We had not previously addressed the precise issue decided in Lainez, as our opinion carefully shows. When we construe a statute for the first time, as we obviously did in Lainez, we are not changing the law but merely “discovering” it. We have no power to change statutes anyway and, unless we have previously construed the statute on the same issue, our initial such construction is merely a function of our traditional role of saying what the law is. Hence our decision in Lainez is fully cognizable in all cases decided after it in which the same statutory issue is raised, for in such matters we customarily apply the law in effect at the time we render our decision.
We therefore reverse the decision of the trial court and remand with instructions to immediately correct Byrd’s sentence and order his release forthwith, as he has already served any possible sentence of incarceration. Because of the nature of this decision, the filing of a motion for rehearing shall not delay compliance with these instructions, which shall be carried out forthwith.
SHAHOOD and HAZOURI, JJ. concur.

. Procedurally, we find that Byrd's motion was filed under oath and was filed within the time requirements for motions under rule 3.850. As we did in Autrey v. State, 736 So.2d 94 (Fla. 4th DCA 1999), we therefore treat the motion as properly filed under rule 3.850.