SHEPHERD, J.
 

 The question presented by the Petition for Writ of Prohibition filed in this case is whether a notice of expiration of speedy trial time is timely within the meaning of subsection (h) of Florida’s Speedy Trial rule, Florida Rule of Criminal Procedure 3.191, when filed and served during the last full day of a speedy trial demand period. We conclude it is not and, therefore, deny the petition.
 

 The petitioner, Silvio Alonso, was arrested on July 4, 2008, for trafficking in cocaine and possessing drug paraphernalia. He filed a demand for speedy trial, pursuant to Florida Rule of Criminal Procedure 3.191(b), on September 10, 2008. Rule 3.191(b)(4) provides that “[i]f the defendant has not been brought to trial within 50 days of the filing of the demand, the defendant shall have the right to the appropriate remedy as set forth in subdivision (p).” The petitioner in this case filed his notice of expiration at 3:23 p.m. on Thursday afternoon, October 30, 2008. October 30 was the fiftieth day after petitioner filed his speedy trial demand. His motion for discharge was denied by the trial court on the ground that the filing of the notice was premature.
 

 Alonso argues his notice of expiration was timely under the plain language of subsection (h) of Rule 3.191. That subsection reads as follows:
 

 (h) Notice of Expiration of Time for Speedy Trial; When Timely. A notice of expiration of speedy trial time shall be timely if filed and served on or after the expiration of the periods of time for trial provided in this rule. However, a notice of expiration of speedy trial time filed before expiration of the period of time for trial is invalid and shall be stricken on motion of the prosecuting attorney.
 

 (emphasis added). Alternately, he argues subsection (h) of Rule 3.191 expressly conflicts with subsection (p)(2), such that, under the rules of lenity, see § 775.021(1), Fla. Stat. (2008);
 
 Kasischke v. State,
 
 991 So.2d 803, 814 (Fla.2008);
 
 State v. Byars,
 
 823 So.2d 740, 742 (Fla.2002), he is entitled to a discharge. Subsections (p)(2) and (p)(3) read in pertinent part:
 

 (p) Remedy for Failure to Try Defendant within the Specified Time.
 

 
 *808
 
 (2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled “Notice of Expiration of Speedy Trial Time,” and serve a copy on the prosecuting authority.
 

 (3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
 

 (emphasis added to subsection (2)).
 

 We find no conflict between the two provisions. It is a basic tenet of interpretation of the rules of court, just as it is for statutes, that a rule should be interpreted wherever possible to give effect to every subdivision and clause in it, in order to accord meaning and harmony to all of its parts.
 
 Jones v. ETS of New Orleans, Inc.,
 
 793 So.2d 912, 914-15 (Fla.2001);
 
 see also Saia Motor Freight Line, Inc. v. Reid,
 
 930 So.2d 598, 599 (Fla.2006) (stating that the rules of construction applicable to statutes also apply to the construction of rules of civil procedure). Moreover, “statutory phrases are not to be read in isolation, but rather within the context of the entire section.”
 
 Acosta v. Richter,
 
 671 So.2d 149, 153-154 (Fla.1996) (quoting
 
 Jackson v. State,
 
 634 So.2d 1103, 1105 (Fla. 4th DCA 1994)). In other words, “[j]ust as a single word cannot be read in isolation, nor can a single provision of a statute ... [a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme.... ”
 
 Smith v. United States,
 
 508 U.S. 223, 233, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993). Applying this guidance to this case, the meaning of each subsection becomes clear.
 

 The difference between the two subsections before us is that subsection (h) provides that the notice of expiration may be filed “on or after,” whereas the notice of expiration in subsection (p)(2) may be filed “at any time after” the expiration of speedy trial. However, the second sentence of subsection (h), the subsection upon which the petitioner places his primary reliance, states that “a notice of expiration of speedy trial time filed before expiration of the period of time for trial is invalid and shall be stricken on motion of the prosecuting attorney.” Although subsection (h) perhaps could have been drafted more perfectly, we conclude, by considering the language on which petitioner relies in context, that the “on” provision of subsection (h) plainly means on the expiration, which means the fifty-first day after the demand.
 

 Further support for our interpretation can be found by consideration of the predecessor to subsection (h), Florida Rule of Criminal Procedure 3.191(d)(1) (1980).
 
 See The Fla. Bar In Re: Rules of Criminal Procedure,
 
 389 So.2d 610, 613 (Fla.1980). The former section reads as follows:
 

 A motion for discharge shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, a motion for discharge filed before expiration of the period of time for trial shall be deemed effective only as of the date of expiration of the period of time for trial (is invalid and shall be stricken upon motion of the prosecuting attorney.)
 

 Former subsection (d)(1) provides that a prematurely filed notice of expiration shall be held in abeyance until “expiration of the
 
 *809
 
 period of time for trial.” This provides guidance in the instant case, as it is clear that a notice of expiration filed during the period when the defendant may be brought to tidal is premature. While that rule no longer applies, the language provides an explanation of the current rule.
 
 See Brown v. State,
 
 798 So.2d 773, 775 (Fla. 2d DCA 2001) (stating the defendant was “entitled to tile his notice of expiration any time after the fifty-day period expired”) (citing Fla. R.Crim. P. 3.191(b)(4)).
 

 Petition denied.