DAMOORGIAN, J.
 

 Appellant, Leon Cooper, appeals the trial court’s summary denial of his 3.800(a) motion to correct an illegal sentence in which he seeks resentencing due to a computation error in his sentencing score-sheet. In the proceedings below, the trial court denied Cooper’s motion, concluding that the error was so minimal that a correction would have only a
 
 de minimus
 
 effect and resentencing was unnecessary. Cooper argues that the trial court erred because his sentence of 288 months was based on miscalculations in his scoresheet. The State concedes that Cooper’s original scoresheet was incorrect and that Cooper’s maximum sentence under the corrected scoresheet is 285.5 months. - Nonetheless, the State argues that the error is
 
 de mini-mus
 
 and, therefore, resentencing is not
 
 *193
 
 required. We disagree with the State’s position and reverse and remand the trial court’s summary denial of Cooper’s claim with instructions that Cooper be resen-tenced with a corrected sentencing score-sheet.
 

 Ordinarily, if correcting an erroneous sentencing scoresheet results in an “essentially
 
 de minimus”
 
 change, a claim for resentencing is without merit where the corrected score still falls within the same sentencing bracket.
 
 See Colon v. State,
 
 738 So.2d 1023, 1024 (Fla. 4th DCA 1999);
 
 Brooks v. State,
 
 969 So.2d 238, 243 (Fla.2007) (“[I]f the trial court could have imposed the same sentence using a correct scoresheet, any error was harmless.”).
 

 In this case, Cooper’s sentencing score-sheet error was not
 
 de minimus
 
 because Cooper was sentenced to 288 months, but a corrected scoresheet permits a maximum sentence of only 285.5 months. Therefore, the trial court could impose a maximum sentence of only 285.5 months.
 
 See Brooks,
 
 969 So.2d at 243.
 

 Accordingly, we reverse and remand for resentencing.
 

 Reversed and Remanded.
 

 FARMER and HAZOURI, JJ., concur.