Dear Mr. Nicoletti:
On behalf of the City of Stuart, you ask substantially the following question:
Does the Florida False Claims Act encompass false or fraudulent claims presented to a municipality?[1]
In sum:
The Florida False Claims Act does not encompass false or fraudulent claims presented to a municipality.
The Florida False Claims Act, sections 68.081-68.09, Florida Statutes, authorizes civil actions to be brought by individuals and the state against persons who file or conspire to file false claims for payment or approval with a state agency.[2] The purpose of the act is to "deter persons from knowingly causing or assisting in causing state government to pay claims that are false or fraudulent, and to provide remedies for obtaining treble damages and civil penalties for state government when money is obtained from state government by reason of a false or fraudulent claim."[3]
The Florida False Claims Act was enacted in 1994 and was patterned after the federal False Claims Act, 31 U.S.C. 3729, et seq.[4]
While I am not aware of any appellate decision addressing the applicability of the Florida act to municipalities, I would note that this office has taken the position in litigation that local governments are not included within the definition of state government as defined in section 68.082, Florida Statutes.[5]
Section 68.082(1)(a), Florida Statutes, defines "Agency" for purposes of the act to mean "any official, officer, commission, board, authority, council, committee, or department of theexecutive branch of state government." (e.s.) "State government" is defined to mean "the government of the state or any department, division, bureau, commission, regional planning agency, board, district, authority, agency, or other instrumentality of thestate."[6] (e.s.) You inquire whether a municipality constitutes an instrumentality of the state within the contemplation of section 68.082, Florida Statutes, and its definition of "state government."
The term "instrumentality" is not defined in the act, nor is the term defined elsewhere in the Florida Statutes.[7] The operative provisions of the act, however, refer to claims presented to an agency.[8] Thus, in determining the applicability of the act, the definition of "State government" may not be read in isolation, but must be considered together with the definition of "Agency."[9]
That term refers to the "executive branch of state government," a phrase that does not commonly encompass local governments.[10] In addition, the act itself appears to recognize a distinction between state and local government.[11]
A review of the legislative history surrounding the adoption of the Florida False Claims Act provides some insight into the legislative intent.[12] A bill to create a state false claims act was introduced during the 1993 legislative session, but failed to pass.[13] At that time, the bill defined "Agency" to mean "any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative, and any department, division, bureau, commission, authority, or political subdivision thereof or any public school, community college, or state university."[14] Thus, the 1993 proposed legislation clearly included local governments.[15]
The 1994 legislation was drafted to be more limited in scope. As stated during one committee hearing, the 1994 bill, unlike the 1993 bill, is limited to state agencies.[16] The staff analysis for a bill seeking to create a false claims act which contained the same definition of "State government" as is contained in section 68.082, Florida Statutes, only referred to actions involving executive branch state agencies among the types of false claims actions that might be brought under the legislation.[17]
This office is aware that several local governments have adopted local false claims acts.[18] Moreover, an examination of other states that have adopted their own false claims act indicates that when local governments are included within its terms, the statute clearly so provides.[19]
In light of the above, it appears that the term "instrumentality" as used in section 68.082(1)(d), Florida Statutes, does not include a municipality. Rather, the term would appear to refer to those entities created by statute which are designated as instrumentalities of the state, such as the Florida Housing Finance Corporation.[20] Nor would the term "agency" appear to include a municipality.
Accordingly, I am of the opinion that municipalities are not covered under the definition of "agency" or "state government" in section 68.082(1), Florida Statutes, for purposes of the Florida False Claims Act, section 68.081, et seq., Florida Statutes.
Sincerely,
 Pam Bondi Attorney General
PB/tjw
[1] You also ask whether counties are included within the definition of "state government" in s. 68.082(1)(d), Fla. Stat. This office, however, is authorized to issue opinions to public officials on questions relating to their own official duties under state law.See s. 16.01(3), Fla. Stat. In the absence of a request from a county on this issue, this office's comments are directed to municipalities only.
[2] See s. 68.082(2), Fla. Stat., which provides that any person who:
"(a) Knowingly presents or causes to be presented to an officer or employee of an agency a false or fraudulent claim for payment or approval;
(b) Knowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by an agency;
(c) Conspires to submit a false or fraudulent claim to an agency or to deceive an agency for the purpose of getting a false or fraudulent claim allowed or paid;
(d) Has possession, custody, or control of property or money used or to be used by an agency and, intending to deceive the agency or knowingly conceal the property, delivers or causes to be delivered less property than the amount for which the person receives a certificate or receipt;
(e) Is authorized to make or deliver a document certifying receipt of property used or to be used by an agency and, intending to deceive the agency, makes or delivers the receipt without knowing that the information on the receipt is true;
(f) Knowingly buys or receives, as a pledge of an obligation or a debt, public property from an officer or employee of an agency who may not sell or pledge the property lawfully; or
(g) Knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to an agency,
is liable to the state for a civil penalty of not less than $5,500 and not more than $11,000 and for treble the amount of damages the agency sustains because of the act or omission of that person."
And see s. 68.083(2), Fla. Stat., authorizing a person to bring a civil action for a violation of s. 68.082, Fla. Stat., for the person and for the affected agency. Seealso s. 68.082(3), Fla. Stat., authorizing treble damages under certain circumstances.
[3] Section 68.081, Fla. Stat.
[4] See CS/HB 551, 1994 regular session, enacted as Ch. 94-316, Laws of Fla. And see United States ex rel. Heater v.Holy Cross Hospital, Inc.,510 F.Supp.2d 1027, 1033 (S.D. Fla.,2007), quotingUnited States ex rel. Mueller v. Eckerd Corporation,1998 U.S. Dist. LEXIS 23500 at *3 (M.D. Fla. Oct. 2, 1998) (Order of United States Magistrate Judge affirmed by35 F.Supp.2d 896 [M.D. Fla.1999]), stating that "[t]he Florida FCA, is modeled after and tracks the language of, the federal False Claims Act." See also United States v. Aggarwal,2005 WL 6011259 at *4 (M.D. Fla. 2005) (Plaintiff brought claims under both the federal and state false claims acts; "[t]hese statutes are similar, with the Florida version modeled on the Federal statute").
The federal act has been subsequently amended in 2009;31 U.S.C. 3732 was amended by adding subsection (c). See
PL 111-21 (2009), s. 4, 123 Stat. 1625. Subsections (b) and (c) provide:
"(b) Claims under state law. — The district courts shall have jurisdiction over any action brought under the laws of anyState for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under section 3730.
(c) Service on State or local authorities. — With respect to any State or local government that is named as a co-plaintiff with the United States in an action brought under subsection (b), a seal on the action ordered by the court under section 3730(b) shall not preclude the Government or the person bringing the action from serving the complaint, any other pleadings, or the written disclosure of substantially all material evidence and information possessed by the person bringing the action on the law enforcement authorities that are authorized under the law of that State or local government to investigate and prosecute such actions on behalf of such governments, except that such seal applies to the law enforcement authorities so served to the same extent as the seal applies to other parties in the action." (e.s.)
The amendment, which was enacted after the adoption of the Florida act, would not appear to affect resolution of the issue under consideration, i.e., whether the Florida False Claims Act encompass municipalities.
[5] See, e.g., Notice of Voluntary Dismissal with Prejudice,State ex rel. Sherwin v. Office Depot, Inc., Case No. 2008-CA-002309 (Fla. 2d Jud. Cir. Leon Co. June 4, 2010) (overcharging allegations involving local governmental entities are not within the scope and provisions of the Florida False Claims Act).
[6] Section 68.082(1)(d), Fla. Stat.
[7] This office is aware that some courts have referred to municipalities as instrumentalities of the state for purposes of the administration of local government. See Turk v. Richard,47 So. 2d 543 (Fla. 1950) (municipal corporation is instrumentality of state established for more convenient administration of local government); State v. City of Auburndale,85 So. 2d 611 (Fla. 1956). The current Florida Statutes, however, appear to utilize the term in a context in a manner separate and distinct from that of "municipality" or "political subdivision," a term that generally includes a municipality.See, e.g., s. 116.34(2)(a), Fla. Stat. (referring to state or by any of its departments, agencies, public bodies, or other instrumentalities or by any of its political subdivisions); s. 812.035(7), Fla. Stat. ("state, including its agencies, instrumentalities, subdivisions, or municipalities"); s. 443.036(35), Fla. Stat. (definition of "Public employer" for purposes of unemployment compensation); s. 380.031(6), Fla. Stat. ("Governmental agency" for purposes of the Florida Environmental Land and Water Management Act of 1972); s. 163.3164(10), Fla. Stat. ("Governmental agency" for purposes of the Local Government Comprehensive Planning and Land Development Regulation Act); s. 215.58(12), Fla. Stat. (State Bond Act); and s. 961.06(5) and (6), Fla. Stat. (claims for unlawful incarceration).
[8] See s. 68.082(2), Fla. Stat., set forth in n. 2, supra. See also s. 68.083(2), Fla. Stat., authorizing a person to bring a civil action for a violation of s. 68.082, Fla. Stat., for the person and for the affected agency. And see s. 68.082(1)(b), Fla. Stat., defining "Claim."
[9] Alonso v. State, 17 So. 3d 806, 808 (Fla. 3d DCA 2009);Acosta v. Richter, 671 So. 2d 149, 153-154 (Fla. 1996), quotingJackson v. State,634 So. 2d 1103, 1105 (Fla. 4th DCA 1994).
[10] See, e.g., Art. IV, s. 6, Fla. Const.; s. 20.04, Fla. Stat., setting forth the structure of the "executive branch of state government."
[11] For example, s. 68.087, Fla. Stat., in setting forth exemptions to civil actions, provides that no court has jurisdiction over an action brought under the act against a senior executive branch official, defined as "any person employed in the executive branch of government holding a position in the Senior Management Service as defined in s. 110.402[,]" or against a local government, defined for the purposes of the subsection to mean any county or municipality. See s. 68.087(1) and (6), Fla. Stat., respectively.
[12] See generally Alexdex Corporation v. Nachon Enterprises,Inc., 641 So. 2d 858 (Fla. 1994) (legislative history of a statute may be used to clarify ambiguity and illuminate legislative intent).
[13] See SB 1598, 1993 regular session of the Florida Legislature.
[14] Section 2(1)(a), SB 1598, supra.
[15] See s. 1.01(8), Fla. Stat., generally defining the term "public body" or "political subdivision" to include "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state."
[16] See Tape, House Judiciary Committee, March 8, 1994, in which Representative Warner, stated that while he had had concerns with the breadth of the previous year's bill, the 1994 bill "narrowly limited it [the False Claims Act] to state agencies." Representative Warner had offered the amendment to HB 551 which created the False Claims Act. See 1994 Journal of the Florida House of Representatives, April 8, 1994, pp. 1517-1520. Cf.Ellis v. N.G.N. of Tampa, 561 So. 2d 1209 (Fla. 2d DCA 1990),quashed on other grounds, 586 So. 2d 1042 (Fla. 1991) (legislative intent may be illuminated by consideration of comments made by proponents of bill or amendment).
[17] See House of Representatives Committee on Judiciary Bill Analysis and Economic Impact Statement for HB 1185, dated February 22, 1994, which lists fraud against the Department of the Lottery and the Department of Transportation as well as Medicaid fraud as the types of cases that might be addressed by the false claims act. The bill, sponsored by Representative Warner, contains the identical definition of "State government" as is contained in HB 551, as amended by Representative Warner and subsequently enacted as Ch. 94-316, Laws of Fla.
[18] See, e.g., Ch. 21, Art. XV, Miami-Dade County Code of Ordinances; and Ch. 1, Art. XIV, of the Broward County Code of Ordinances.
[19] For example, Delaware defines "Government" for purposes of the Delaware False Claims and Reporting Act to include all departments, boards or commissions of the executive branch of the State and all political subdivisions of the State. See
Title 6, s. 1202(2), Del. Code. And see740 Ill. Comp. Stat. 175/2; s. 17-8-402, Mont. Code. Ann.; and s. 9-1.1-2, R.I. Gen. Laws. California, in defining claims for purposes of the California act, refers to the state and to political subdivisions. Section 12650, Cal. Gov. Code. And see
Ch. 12, s. 5A, Mass. Ann. Laws; s. 15C.01 Subd. 2., Minn. Stat.; N.Y. St. Fin., Title XIII, s. 188, subsec. 1, Laws of N.Y.; s. 357.020, Nev. Rev. Stat.; s. 4-18-102, Tenn. Code; and Title 8.01, Ch. 3, s. 8.01-216.2, Va. Code. Several states, by restricting application of their acts to health care or Medicaid claims, are limited to the state.See, e.g., s. 25.5-5-304 et seq., Colo. Rev. Stat.; ss. 400.601 et. seq., Mich. Comp. Laws; s. 63-5053 et seq., Okla. Stat.; s. 36.001 et seq., Tex. Hum. Res. Code. Indiana expressly excludes political subdivisions.See 5-11-5.5-1, s. 1(7), Ind. Code. Hawaii and North Carolina do not define "state" within their acts. See s. 661-21 et seq., Haw. Rev. Stat.; and Ch. 1, Art. 51, s. 1-605 et seq., N.C. Gen. Stat., respectively.
New Mexico defines "state" for purposes of its Fraud Against Taxpayers Act to mean the state of New Mexico "or any of its branches, agencies, departments, boards, commissions, officers, institutions or instrumentalities. . . ." Section 44-9-2.E. N.M. Rev. Stat. This office has been informed by the New Mexico Attorney General's Office that it is unaware of any interpretation that would apply the above definition to the political subdivisions of the state.
[20] See, e.g., s. 420.504(2), Fla. Stat., designating the Florida Housing Finance Corporation as an instrumentality of state.And see s. 348.0002(2), Fla. Stat., providing that an expressway authority established pursuant to the Florida Expressway Authority Act is an instrumentality of the state; and s. 616.251, Fla. Stat., designating the State Fair Authority as an instrumentality of the state.