592 So.2d 1123 (1991)
Kenneth WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2021.
District Court of Appeal of Florida, Third District.
December 17, 1991.
*1124 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., and Janet Reno, State Atty., and Richard Shiffrin, Asst. State Atty., for appellee.
Before NESBITT, BASKIN and GERSTEN, JJ.
NESBITT, Judge.
Defendant seeks reversal of his conviction for four counts each of driving under the influence (DUI) resulting in serious bodily injury, § 316.193(3)(c), Fla. Stat. (1989), and driving with a suspended license and causing serious injury to another, § 322.34(3), Fla. Stat. (1989). He also appeals the departure sentence ordered. We reverse and remand.
Defendant was driving a stolen truck southbound on Krome Avenue when he struck a northbound bus, seriously injuring four passengers. He was taken into custody by highway patrol officers, who found him unruly and abusive. A blood sample taken at the accident scene showed a .22 blood-alcohol reading. Defendant was subsequently charged with four counts each of DUI resulting in serious bodily injury and driving with a suspended license and causing serious injury to another.
During voir dire, five members of the venire said they had heard news accounts of the case. The defense challenged them for cause; three challenges were granted, two denied. The defense then used two of his peremptory challenges to strike these two black jurors. The prosecutor complained that the challenges were being made in a racially discriminatory manner. The victims were black; the defendant was not. Defendant's counsel then proceeded to explain the reason for his first peremptory challenge as being in part because the juror had been the victim of a violent crime. The court found the reasons given to be satisfactory but after the prosecutor pointed out that other crime victims had not been struck, the court found the challenge to the second juror, Ms. Steele, to be racially motivated.
When the prosecutor sought to have the panel stricken, the trial judge stated that he was considering the alternative course of action of seating juror Steele. In response to this statement, both the defense counsel and the prosecutor told the judge that seating that juror was not an acceptable solution under State v. Neil, 457 So.2d 481, 486 (Fla. 1984). The trial judge finally stated:
I want the record to be clear that it is not the Court's intention to disregard or disobey the decision[s] on Slappy or Ne[il]... . The Court is of the opinion that this particular issue, as presented by this case has never been resolved... . Therefore, the appellate court [has been] silent on the issue of whether or not a trial court ... does not have the added option of involuntarily seating a juror where the Court is satisfied that there is no prejudice to either side by the jurors present on trial... .
The court then concluded it would follow that option. Ultimately, the jury returned guilty verdicts on the DUI counts; the court entered a finding of guilt on the *1125 remaining counts and judgment was imposed.
The Supreme Court of Florida recognized in Neil that the right to an impartial jury is undermined when peremptory challenges are used "solely as a scalpel to excise a distinct racial group from a representative cross section of society." 457 So.2d at 486. So repugnant is the improper use of the challenge that Neil instructs that if a party has been challenging prospective jurors solely on the basis of race "then the court should dismiss that jury pool and start voir dire over with a new pool." Id. at 487. See Carter v. State, 550 So.2d 1130 (Fla. 3d DCA) (trial court, bound by Neil, could not cure a discriminatory challenge by seating a stricken juror), review denied, 553 So.2d 1164 (Fla. 1989). See also Jefferson v. State, 584 So.2d 123 (Fla. 4th DCA 1991); Mazaheritehrani v. Brooks, 573 So.2d 925 (Fla. 4th DCA 1990), review granted, 582 So.2d 622 (Fla. 1991). Accordingly, the trial court's action in the instant case necessitates reversal.
Our supreme court in Neil did not mention the alternative remedy of seating improperly stricken jurors. However, the United States Supreme Court, in Batson v. Kentucky, 476 U.S. 79, 99, n. 24, 106 S.Ct. 1712, 1725, n. 24, 90 L.Ed.2d 69, 90, n. 24 (1986), explicitly declined to negate such an option. Furthermore, as appellee notes, other courts have determined such action to be within the trial judge's discretion. See United States v. Forbes, 816 F.2d 1006, 1011 (5th Cir.1987); United States v. Robinson, 421 F. Supp. 467, 474 (D.Conn. 1976), mandamus granted sub nom., United States v. Newman, 549 F.2d 240 (2d Cir.1977); State v. Walker, 154 Wis.2d 158, 176, n. 12, 453 N.W.2d 127, 135, n. 12, cert. denied, ___ U.S. ___, 111 S.Ct. 397, 112 L.Ed.2d 406 (1990); People v. Piermont, 143 Misc.2d 839, 542 N.Y.S.2d 115 (County Ct. 1989).
Why reward the party who has made an impermissibly motivated strike, by ordering exactly what that party seeks  elimination of the juror he considers undesirable? Today, I observe that in some instances, dismissal of the entire venire, the juror to whom an impermissibly motivated challenge has been made and impartial panel members already selected, facilitates the perpetration of racial discrimination rather than thwarts it. First, the juror at whom the impermissible strike was aimed is eliminated. Second, the start anew permits an advocate to make a deliberate detectable impermissible strike to achieve the end result of a new panel where the advocate is dissatisfied with the racial composition of the panel and his client's interests. Where such discriminatory ends can be avoided, why not give the trial judge the discretionary power to appraise the situation and act in whatever manner best achieves the ends outlined in Neil?
When Neil was decided, there was very little case law in any jurisdiction to guide a trial judge in determining whether an individual "strike" was being exercised discriminatorily. At that time, it was believed that discriminatory challenges could be identified only after multiple strikes. Even after Neil, there still exist instances when multiple strikes occur before a Neil inquiry is requested or granted. In such cases, the venire has been irrevocably altered, and the only solution is to start the jury selection process anew. On the other hand, through the use of a Neil inquiry, the trial judge may have the ability to identify and deal with discriminatory challenge tactics before the content of the venire has been irrevocably altered. In such cases, the ends sought by Neil may best be served by granting the trial judge the authority to do what was done in the instant case, that is, seat an impermissibly challenged juror. Thus, while I conclude the trial judge's decision to seat juror Steele violates the narrow holding of Neil and necessitates reversal, I believe we should certify the following question, as stated in Jefferson v. State, 584 So.2d at 125, as one of great public importance so that it be paired for review with Mazaheritehrani v. Brooks, where the supreme court has accepted jurisdiction as to this issue:
WHERE THE TRIAL COURT FINDS THAT A PEREMPTORY CHALLENGE IS BASED UPON RACIAL BIAS, IS THE SOLE REMEDY TO DISMISS THE *1126 JURY POOL AND TO START VOIR DIRE OVER WITH A NEW JURY POOL, OR MAY THE TRIAL COURT EXERCISE ITS DISCRETION TO DENY THE PEREMPTORY CHALLENGE IF IT CURES THE DISCRIMINATORY TAINT; FOR EXAMPLE, MUST THE JURY PANEL BE STRICKEN IF THE DISCRIMINATORY CHALLENGE HAS BEEN MADE OUTSIDE ITS PRESENCE?
As to defendant's other claims of error, his assertion that he could be convicted of only one count of DUI is incorrect. Four passengers were seriously injured. Under Pulaski v. State, 540 So.2d 193 (Fla. 2d DCA) (separate convictions and sentences were appropriate for driving under the influence of alcohol where driver injured two persons in one accident), review denied, 547 So.2d 1210 (Fla. 1989) the multiple parties injured would permit multiple convictions and sentences.[1] However, defendant is correct in arguing that the above facts justify only a single conviction and sentence for driving with a suspended license. Defendant's action was a single continuing offense and thus a single violation of section 322.34. See Hallman v. State, 492 So.2d 1136 (Fla. 2d DCA 1986).
Having ordered a new trial on the basis of Neil, the sentencing errors claimed by the defendant need not be addressed except to restate that any reasons for a departure sentence must be given by the trial judge contemporaneous to sentencing. Ree v. State, 565 So.2d 1329 (Fla. 1990); Fla. R.Crim.P. 3.701(d)11.
Accordingly, this case is reversed and remanded.
GERSTEN, Judge, specially concurring.
I specially concur.
I agree with the majority's result because it follows the precedent set forth by the Florida Supreme Court in State v. Neil, 457 So.2d 481 (Fla. 1984) and its progeny. The law in Florida is unequivocal that the only remedy to racially motivated peremptory challenges is the total dismissal of the jury pool. At this time, there is no precedent in Florida for the majority's suggestion of an alternative remedy of seating improperly stricken jurors.
I disagree with that part of the majority opinion which encompasses a discussion of federal and other jurisdictional law which was neither raised below nor on appeal. The majority opinion admits that "both the defense counsel and the prosecutor told the judge that seating that juror was not an acceptable solution under" Neil. (Opinion at p. 1125).
Finally, the majority opinion begrudgingly arrives at its result but argues for a change in the law. Until such time as the Florida Supreme Court issues a different ruling, I find no need to either advocate a change, or certify the question. The result mandated by Neil insures a fair trial not only for the State but also for the defendant.
Accordingly, I would simply reverse and remand based on the authority of State v. Neil, 457 So.2d at 481, and Carter v. State, 550 So.2d 1130 (Fla. 3d DCA), review denied, 553 So.2d 1164 (Fla. 1989).
BASKIN, Judge (dissenting in part, concurring in part).
Although I agree with Judge Nesbitt's position that the trial court should not be compelled to dismiss the jury pool, I do not agree that State v. Neil, 457 So.2d 481 (Fla. 1984), clarified sub nom. State v. Castillo, 486 So.2d 565 (Fla. 1986), mandates reversal. Accordingly, I decline to join the majority opinion. I concur, however, in certification of the question.[1]
*1127 I would hold that Neil does not mandate dismissal of Wright's entire jury pool. In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court stated that
[i]n light of the variety of jury selection practices followed in our state and federal trial courts, ... we express no view on whether it is more appropriate in a particular case, upon a finding of discrimination against black jurors, for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case, or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire.
Batson, 476 U.S. at 99 n. 24, 106 S.Ct. at 1725 n. 24, 90 L.Ed.2d at 90 n. 24. (Citations omitted). Because the system of juror challenges used in Neil differed from the system employed in Wright, Neil's admonition to dismiss the pool does not appear to apply. Dismissal was appropriate in Neil because the jury pool had been subjected to diminution by discrimination.
Whereas the Neil prospective jurors were apparently challenged in a continuous process in open court,[2] ("if the party has actually been challenging prospective jurors ...," Neil, 457 So.2d at 487), the Wright jurors were challenged at the conclusion of the questioning, outside the hearing of the venire. The attorneys exercised all their challenges at the same time, and the court ruled on the objections. The court did not excuse any prospective jurors prior to the exercise of all the challenges. Thus, no prospective juror became aware that any jurors had been challenged. No diminution of the panel occurred. Under these circumstances nothing is gained by dismissal of the entire pool. The trial court committed no error in refusing to dismiss the jury pool as Neil does not govern the Wright situation. See State v. Walker, 154 Wis.2d 158, 453 N.W.2d 127, 135 n. 12 (Wis.) (court should consider whether juror has heard challenge to him or herself in determining whether to discharge venire or merely disallow discriminatory challenge and resume selection), cert. denied, ___ U.S. ___, 111 S.Ct. 397, 112 L.Ed.2d 406 (1990).[3] For these reasons, I would affirm Wright's convictions.
NOTES
[1] Defendant incorrectly argues that Houser v. State, 474 So.2d 1193 (Fla. 1985) controls. In Houser, the court held that the defendant could not be sentenced for both DWI manslaughter and vehicular homicide for effecting a single death. Since the defendant is accused of injuring four passengers, the double jeopardy analysis of Houser is inapplicable to prevent the possibility of four convictions.
[1] I also concur in the majority opinion insofar as it holds that four DUI convictions and sentences are permissible, where, as here, four people were injured, and that the facts justify a single conviction and sentence for driving with a suspended license.
[2] For example, the Neil court refers to language in Castor v. State, 365 So.2d 701, 703 (Fla. 1978), that the court may correct errors at an early stage of the proceedings. Neil, 457 So.2d at 486 n. 9.
[3] Unfortunately, other opinions discussing this issue do not describe the jury selection methods the trial courts employed. Thus, this dissent is not in conflict with Carter v. State, 550 So.2d 1130 (Fla. 3d DCA 1989).