FARMER, Judge.
Boutwell pleaded no contest to four counts of driving under the influence of alcohol with serious injuries,[1] and four counts of driving while license suspended with serious injuries.[2] He raises two issues on appeal. We affirm one and reverse the other.
The facts are that he drove his automobile while intoxicated into another vehicle and seriously injured the four occupants thereof. The state attorney filed an information charging him with four violations of section 316.193(3)(c)(l) and four violations of section 322.34(3). Sometime later, Boutwell petitioned to change his plea to one of no contest “as charged in the information.” At a hearing on the application, the following dialogue took place:
THE COURT: * * * You want to plea no contest as charged in the information in 90 — in case number 92-152, which is basically four counts of DUI with serious injury and four counts of driving on a suspended license with serious injury, do you understand that?
DEFENDANT: Yes sir.
THE COURT: Okay. Do you understand that the maximum penalty for each count is five years department of corrections or a five thousand dollar fine or both?
DEFENDANT: Yes sir.
The court asked the State to provide a factual basis for the charges and the State responded as follows:
STATE: ⅜ * * The State alleges on December 22nd of last year that Mr. Boutwell drove a — a motor vehicle in this county and at the time he was under the influence of alcohol to the extent that his normal faculties were impaired or had a blood alcohol level of point one oh [sic] percent *1217 or above. And because of the reason— because of the operation of that vehicle he did cause damage to the person of great bodily harm to [the victims]. In addition on December 22nd, he was operating the motor vehicle while his license was suspended, cancelled or revoked and by such operation of the vehicle did cause great bodily harm or serious bodily injury to [the victims]. That’s the factual basis for the eight charges, Your Honor.
THE COURT: Okay. So I’m going to accept your plea then on 92 — what page? On 92-152, find that it was freely and voluntarily entered and there is a factual basis * * *.
The court deferred sentencing for one week. After the plea had been accepted and before the sentencing hearing, however, the state filed a motion to set aside the plea because it had erroneously charged defendant with a misdemeanor under section 316.-193(3)(e)(l), instead of a felony under section 316.193(3)(c)(2). After a hearing on the motion, the court concluded that, although it had accepted the plea, it had not actually adjudicated him guilty. Therefore, the court held, the state was free to nolle prosequi the old information and file an amended information to reflect a felony charge, rather than the misdemeanor to which defendant had pleaded. Reserving his right to appeal the amendment of the information, defendant pleaded no contest as to the amended information.
In his first issue on appeal, he challenges his multiple convictions under section 322.-34(3).. He argues that even though he injured four people while driving with a suspended license, his actions constitute but one criminal offense: namely, driving without a license and causing serious injuries. Therefore, he contends, his multiple convictions violate the double jeopardy clause.[3]
He argues that Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991), quashed on other grounds, 600 So.2d 457 (Fla.1992), supports his contention. We agree that it supports him but reject the conclusion reached by the third district. Wright is based on Hallman v. State, 492 So.2d 1136 (Fla. 2d DCA 1986), which held that, in spite of multiple victims, a driver cannot face multiple charges under section 322.34 arising from a single incident. We believe that Wright’s reliance upon Hall-man is misplaced.
In Hallman, the defendant had been charged under section 322.34, without specifying any particular subsection. Defendant had fled from the scene of an accident (count one) and was found asleep behind the wheel of his car when it was parked at an intersection (count two). There is no mention of any injured persons. The only reasonable inference possible from the facts presented by the court in its opinion is that Hallman was actually charged under section 322.34(1), while the defendant in Wright and the appellant here have been charged, and convicted under section 322.34(3).
Subsections (1) and (3) of section 322.34 deal with two different crimes. Subsection (1) addresses driving with a suspended license, but subsection (3) concerns driving with a suspended license and causing death or serious bodily injury. As the state points out, under section 775.021(4)(a), a separate offense is that which “requires proof of an element that the other does not * * Defendant here was charged with driving with a suspended license and causing serious injuries to four persons. The injury to one victim is distinct and separate from the injury to a different victim.
We are persuaded by Pulaski v. State, 540 So.2d 193 (Fla. 2d DCA), rev. denied, 547 So.2d 1210 (Fla.1989), and hold that multiple convictions for driving with a suspended license with serious injuries is permissible where there are multiple victims. We see no basis under the Pulaski rationale to distinguish between the offense of driving-under the influence of alcohol and seriously injuring someone, and driving while a license is suspended and seriously injuring someone. If a defendant can be convicted of a separate offense under the alcohol charge for each *1218 person seriously injured, we see no reason why he cannot be equally convicted under the suspended license statute for each person seriously injured. We obviously think that Wright was wrongly decided and hereby certify our disagreement with it.
In his second issue, Boutwell argues that the trial court committed reversible error when it allowed the state to file an amended information after it had accepted his plea. We agree. There can be no contention that what the trial court did was not an acceptance of his plea. See Harden v. State, 453 So.2d 550, 551 (Fla. 4th DCA 1984) (formal acceptance of plea occurs when trial court affirmatively states to parties in open court and on record that court has accepted plea).
Moreover, the state concedes that jeopardy attaches with the acceptance of a plea.[4] Brown v. State, 367 So.2d 616, 621 (Fla.1979) (jeopardy attaches when judge accepts plea); Wilhoit v. Wells, 356 So.2d 817, 822 (Fla. 1st DCA), cert. denied, 359 So.2d 1222 (Fla.1978). Boutwell correctly argues that, because jeopardy attached when the trial court accepted his plea, the state could not amend the information without his consent and bring new charges against him arising from the same incident. It is clear that he did not consent to the amended information.
The state argues that Boutwell knew perfectly well when he entered his plea that he was actually pleading to a felony, notwithstanding the actual text of the information.[5] We reject the state’s argument. Boutwell expressly agreed to plead no contest to the counts “as charged in the information.” The charges in the information to which he pleaded clearly and unambiguously were misdemeanors and not felonies.[6]
The plea may have been a clever ploy, but it may also have been nothing more than a simple reference to the actual charges filed. A defendant is entitled to rely on the precise language employed by the state in its charging documents. Criminal defendants cannot be forced, consistent with due process, to anticipate that when the state says one thing in its charging documents it may really mean another. Defendants cannot be held to know what the state has failed to say in so many words. We reverse this unilateral amendment of an information after a plea to it had already been accepted in open court.
AFFIRMED AND REVERSED IN PART.
HERSEY and KLEIN, JJ., concur.

. See § 316.193(3)(c)(2), Fla.Stat. (1991). Originally, he was charged with a violation of section 316.193(3)(c)(l), which involves driving under the influence and causing damage to the property or person of another. As will appear later, the amendment of the charge from an offense under subsection (c)(1) to an offense under subsection (c)(2) is a principal issue in this case.

. See § 322.34(3), Fla.Stat. (1991).

. We note that he did not object to the multiple convictions in the trial court. This failure, however, will not preclude raising the double jeopardy claim on appeal. Arnold v. State, 578 So.2d 515 (Fla. 4th DCA 1991); Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992).

. The trial judge appeared to be under the impression that jeopardy did not attach until he had adjudicated the defendant guilty and relied on State v. Snell, 407 So.2d 642 (Fla. 4th DCA 1981), to permit the state to amend the original information. Snell, however, expressly recognizes that the state's power to nolle prosequi an information is limited by the double jeopardy clause. 407 So.2d at 643.

. We place no importance on the trial court's advice at the plea hearing that he could be sentenced to five years imprisonment for the charges to which he was pleading no contest. A misapprehension of the trial judge, the prosecutor, and the defendant as to the lawful penalty for a crime does not authorize the imposition of a punishment greater than actually allowed for the crime to which one has pleaded.

.We reject the state's fail-back reliance on the fact that the "caption” in the original information referred to felony charges, even though the actual text asserted only misdemeanor language. Captions are surplusage and irrelevant to what has been charged. Lewis v. State, 154 Fla. 825, 19 So.2d 199 (1944). Equally, we reject the contention that the amendment should be accepted because the original misdemeanor text was a "scrivener's” error.