631 So.2d 1094 (1994)
Timothy BOUTWELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 81613.
Supreme Court of Florida.
February 10, 1994.
Richard L. Jorandby, Public Defender and Cherry Grant, Assistant Public Defender, 15th Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Joan Fowler, Sr. Asst. Atty. Gen., Chief, Crim. Law, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We review Boutwell v. State, 625 So.2d 1215 (Fla. 4th DCA 1993), because of conflict with Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991), quashed on other grounds, 600 So.2d 457 (Fla. 1992). We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
While driving without a license, Boutwell became involved in a head-on collision which caused serious injuries to four occupants of the other vehicle. Boutwell was convicted of *1095 four counts of driving while license suspended with serious injuries.[1] On appeal, he contended that his multiple convictions violated the constitutional prohibition against double jeopardy because his actions constituted but one criminal offense. The court rejected Boutwell's claim and affirmed the conviction. However, the court certified conflict with Wright which had held that a driver with a suspended license who negligently caused an accident that resulted in serious injuries to four persons could be convicted of only one offense.
In Hallman v. State, 492 So.2d 1136 (Fla. 2d DCA 1986), the defendant had been charged with two counts of driving with a suspended license under section 322.34, Florida Statutes (1985).[2] Both charges arose out of a single driving episode. The court held that driving with a suspended license was a continuing offense in which only one conviction could be obtained unless the defendant had resumed driving following police intervention. The court reasoned that where an illegal act was ongoing, there was no practicable place to draw the line between one charge and several.
Under section 322.34(1), Florida Statutes (1991), a person who drives with a suspended license is guilty of a misdemeanor of the second degree. However, Boutwell was convicted under section 322.34(3), which provides:
Any person whose driver's license has been canceled, suspended, or revoked pursuant to s. 316.655, s. 322.26(8), s. 322.27(2), or s. 322.28(2) or (5) and who operates a motor vehicle while his driver's license is canceled, suspended, or revoked and who by careless or negligent operation thereof causes the death of or serious bodily injury to another human being, is guilty of a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083.
It is evident that section 322.34(3) does no more than enhance the penalty for driving with a suspended license in cases where the driver through the careless or negligent operation of his vehicle causes death or serious bodily injury. If the violation of section 322.34(1) in a single driving episode can be only one offense, the violation of section 322.34(3) in a single driving episode should be considered as one offense. We agree with Wright that regardless of the number of injured persons, there can only be one conviction under section 322.34(3) arising from a single accident.[3]
This case is different from State v. Brandt, 460 So.2d 444 (Fla. 5th DCA 1984) (sexual batteries committed upon two persons at the same time and place are separate crimes), review denied, 467 So.2d 999 (Fla. 1985), and Palmer v. State, 438 So.2d 1 (Fla. 1983) (robbery of thirteen persons at the same time constituted thirteen robberies). There was an intent to commit separate crimes in each of those cases. In the instant case it was fortuitous that four persons were injured as a result of Boutwell's negligent driving instead of only one. We find this case more analogous to James v. State, 567 So.2d 59 (Fla. 4th DCA 1990), review dismissed, 576 So.2d 288 (Fla. 1991), in which the court held that it was error to convict on two counts of burglary with a battery because only one entry had been proven.
Accordingly, we quash the decision below and remand for further proceedings.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, KOGAN and HARDING, JJ., concur.
SHAW, J., concurs in result only.
GRIMES, J., dissents with an opinion.
GRIMES, Justice, dissenting.
I cannot agree that Boutwell committed only one offense even though four people *1096 were seriously injured in the accident. Under section 775.021(4)(a), Florida Statutes (1989), the legislature expressed its intent that offenses shall be separate "if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." Because separate victims are involved, there are separate elements, and four separate crimes have been committed.
In Pulaski v. State, 540 So.2d 193 (Fla.2d DCA), review denied, 547 So.2d 1210 (Fla. 1989), the court upheld separate convictions for driving under the influence of alcohol and causing serious bodily injury to two persons in a single accident. Even in Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991), quashed, 600 So.2d 457 (Fla. 1992), the case relied upon by the majority, the court applied the same principle to approve four separate convictions of DUI involving serious injuries to four persons. Moreover, one count of manslaughter is permissible for each death sustained during a drunk driving episode. See Houser v. State, 474 So.2d 1193 (Fla. 1985). If multiple convictions are permitted for DUI manslaughter and DUI with serious bodily injury when multiple victims are involved, there is no reason why the same principle should not apply to driving with a suspended license and causing serious bodily injury to more than one person.
Driving with a suspended license and causing serious bodily injury does not merely enhance the penalty for driving with a suspended license. It is a separate crime which is charged separately under section 322.34(3). I agree that driving with a suspended license, without more, is a continuing offense. However, if the negligence of the unlicensed driver causes an accident, separate offenses are committed against each of the persons who suffer serious bodily injuries as a result thereof.
I would approve the decision below.
NOTES
[1] He was also convicted of other crimes, but the legality of those convictions is not contested in this Court.
[2] At that time, the statute was directed only to driving with a suspended license and did not refer to causing injuries or death.
[3] We are cognizant of the fact that we previously quashed Wright in State v. Wright, 600 So.2d 457 (Fla. 1992). Our disapproval of that opinion, however, was based solely on the district court's handling of a peremptory challenge issue.