651 So.2d 765 (1995)
Paul WICK, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-2096.
District Court of Appeal of Florida, Third District.
March 8, 1995.
Robert S. Reiff and H. Scott Fingerhut, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Doquyen T. Nguyen, Asst. Atty. Gen., Hollywood, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
COPE, Judge.
Paul Wick appeals his sentence entered after a plea of no contest. We affirm.
Paul Wick pled no contest to count I, driving under the influence ("DUI") manslaughter, count III, DUI with serious bodily injury, and count IV, DUI causing damage to another. Under the written plea agreement, a guidelines sentence was to be imposed. At sentencing, the trial court imposed a period of ten years incarceration, which was within the permitted range, followed by a five-year probationary period.[1]
Defendant first contends that the term "guidelines sentence" means a sentence within *766 the recommended range, not the permitted range. Defendant's recommended range was three to seven years incarceration. He contends that he must be resentenced within the recommended range.
It is clear from a review of the sentencing transcript that the defendant, as well as the prosecution, understood this plea agreement to allow the defendant to be sentenced within the permitted range. The State asked for the maximum incarceration period allowed in the permitted range, twelve years. The defense argued that although a twelve-year period of incarceration was a permissible sentence in this case, the court should impose a lower period of incarceration. It is clear that the parties to the plea agreement understood that the "guidelines sentence" terminology included the permitted range.
Additionally, in our view the term "guidelines sentence" is now generally understood to include both the recommended range and the permitted range. The guidelines scoresheets set forth in Florida Rule of Criminal Procedure 3.988(a)-(i) specifically so provide, by placing both the recommended range and the permitted range under the heading "Guidelines Sentence." The guidelines scoresheets have been adopted by the legislature as statutes. See § 921.0015, Fla. Stat. (1993) (adopting Fla.R.Crim.P. 3.988). Florida Rule of Criminal Procedure 3.701(d)(11) requires written reasons for any sentence outside the "permitted guideline range." We have carefully considered defendant's argument to the contrary but are not persuaded thereby.[2]
Defendant next argues that the ten-year term followed by five years' probation constitutes a departure sentence. We disagree.
Florida Rule of Criminal Procedure 3.701(d)(12) states that "the total sentence cannot exceed the total guideline sentence unless a written reason is given." The accompanying committee note on that rule provides:
If a split sentence is imposed (i.e. a combination of state prison and probation supervision) the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
Putt v. State, 527 So.2d 914, 914-15 (Fla. 3d DCA 1988); accord Tyner v. State, 545 So.2d 961, 962 (Fla. 2d DCA 1989). Here, the incarceration period is within the permitted range, and the total of incarceration plus probation does not exceed the fifteen-year legal maximum. Consequently there is no error on this point.
Defendant next contends that in light of Boutwell v. State, 631 So.2d 1094 (Fla. 1994), he could not be convicted of multiple offenses arising out of a single driving episode. Boutwell, however, involved the offense of driving while a license is suspended. It did not involve the DUI statute. This court has previously held that under the DUI statute, separate convictions are permissible where multiple victims are injured. Wright v. State, 592 So.2d 1123, 1126 (Fla. 3d DCA 1991), quashed in part on other grounds, 600 So.2d 457 (Fla. 1992), approved in part on other grounds, Boutwell v. State, 631 So.2d at 1095.
Defendant next contends that the trial court erred by refusing to accept a written report from the defendant's toxicology expert. *767 The written report indicated that an ulcer medication being taken by the defendant greatly enhanced the absorption of alcohol into defendant's bloodstream, resulting in a much higher blood alcohol reading than would have been true of an individual not taking that medication. Defendant sought to introduce the evidence to explain what would otherwise be an unusually high .36 blood alcohol reading.
In this case there had been a hearing on a State motion in limine two days prior to the sentencing proceeding. At that time the trial court indicated that evidence regarding the defendant's medication would be admissible, but the trial court wanted to hear the testimony live from the expert rather than in the form of a written report. Thus, the court ruled that the defense could adduce expert testimony regarding the effect that the defendant's medication had on that reading. At the sentencing hearing the trial court adhered to those rulings in limine by refusing to admit the written report.[3]
In our view the trial court had the discretion to require that this testimony come in through a live witness rather than in the form of a written report. We agree with the trial court that the subject matter of the report is not an area the court can be assumed to be thoroughly familiar with, and find no abuse of discretion in the trial court's decision that the evidence should come in by way of live testimony. Defendant does not complain of any surprise or inability to produce the expert. We find no error on this point.
We conclude that no error has been shown with respect to the remaining points on appeal.
Affirmed.
NOTES
[1] On counts III and IV defendant was sentenced to concurrent terms of five years and one year respectively.
[2] Defendant relies on the 1988 Sentencing Guidelines Commission Note which states in part, "[a] sentencing judge may depart from the recommended sentence and impose a sentence within permitted range without giving reasons therefor. If a sentencing judge departs from the permitted range, reasons for departure shall be articulated at the time sentence is imposed." Fla.R.Crim.P. 3.701, Sentencing Guidelines Commission Notes, 1988 Amendments, Note (d)(11), 34 Fla. Stat. Ann. 145 (1989). Based on this note, defendant argues that any sentence outside the recommended range is a departure sentence, even though departure reasons need not be given for a sentence within the permitted range. In our view this 1988 Committee Note was simply intended to explain how the (at that time) new 1988 sentencing guidelines would operate, taking as a beginning point the pre-1988 guidelines which only had a recommended range, not a permitted range. We do not think this Committee Note addresses the question whether under the 1988 amendments, the term "guidelines sentence" should be deemed to include the permitted range as well as the recommended range.
[3] The defense did not call the toxicology expert as a witness.