660 So.2d 1063 (1995)
STATE of Florida, Appellant,
v.
Gregory R. LAMOUREUX, Appellee.
No. 94-02984.
District Court of Appeal of Florida, Second District.
July 7, 1995.
Rehearing Denied September 18, 1995.
*1064 Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia E. Davenport, Asst. Atty. Gen., Tampa, for appellant.
Karen S. Beavin of Sparkman & Quinn, Naples, for appellee.
WHATLEY, Judge.
The state challenges a trial court order dismissing one of two counts of driving under the influence (DUI) with serious bodily injury filed against the appellee, Gregory R. Lamoureux. The trial court found that convictions for more than one such offense would be impermissible for injuries arising out of the same driving episode. The state contends the trial court was in error. We agree and reverse.
In April 1994, Lamoureux, who was driving while intoxicated, became involved in a head-on automobile collision, which seriously injured both occupants of the other vehicle. As a result, Lamoureux was charged with: two counts of DUI with serious bodily injury in violation of section 316.193, Florida Statutes (1993); and one count of driving with a suspended license in violation of section 322.34(3), which was later dismissed.
Prior to trial, Lamoureux moved to dismiss one count of DUI with serious bodily injury, relying on Boutwell v. State, 631 So.2d 1094 (Fla. 1994). After a hearing on Lamoureux's motion, the trial court agreed that Boutwell and Michie v. State, 632 So.2d 1106 (Fla. 2d DCA 1994), prohibited convictions for more than one count of DUI with serious bodily injury arising from a single driving episode. The state filed a timely notice of appeal.
Boutwell and Michie do not prohibit more than one conviction for DUI with serious bodily injury based upon a single driving episode. In Boutwell, the Florida Supreme Court held that only one conviction for driving with a suspended license with serious injury could lie for injuries arising from a single automobile accident  regardless of the number of victims injured in that accident. In so holding, the Boutwell court approved Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991), quashed on other grounds, 600 So.2d 457 (Fla. 1992), to the extent that Wright effected the same holding. Boutwell, however, failed to mention that Wright also involved multiple convictions for DUI with serious bodily injury with respect to four victims injured during the single driving episode at issue in that case. Those convictions were permitted to stand. Furthermore, Justice Grimes, in his dissent in Boutwell, specifically acknowledged that separate convictions can lie for DUI with serious bodily injury, pursuant to this court's holding in Pulaski v. State, 540 So.2d 193 (Fla. 2d DCA), review denied, 547 So.2d 1210 (Fla. 1989), and the Third District's holding in Wright.
In Michie, Michie was originally charged with two counts of DUI with serious bodily injury and two counts of driving with a suspended license with serious bodily injury. He was only convicted, however, of the lesser-included offenses of simple DUI and driving with a suspended license. On Michie's appeal from those convictions, this court agreed with Michie's assignments of error and held "that traffic offenses such as driving under the influence or driving with a suspended license are `continuing offenses' permitting a single conviction per episode." Michie, 632 So.2d at 1108. In support of that holding, this court cited Boutwell and noted in parentheses that "regardless of the number of injured persons, there can only be one conviction arising from a single accident." Michie, 632 So.2d at 1108.
In the instant case, Lamoureux urges that Michie extended the holding in Boutwell to DUI with serious bodily injury. In support of that contention, Lamoureux relies on the reference to injury contained in the aforementioned parenthetical, which followed Michie's citation to Boutwell. Any reference to injury in Michie, however, was unnecessary and was not a part of our holding therein, as Michie exclusively addressed multiple convictions for simple DUI arising from a single driving episode. Furthermore, there are numerous cases, including precedent from our own jurisdiction, which hold that multiple convictions for DUI with serious bodily injury are indeed permissible for injuries to more than one victim arising out of a single driving episode. See Pulaski; Onesky v. State, 544 So.2d 1048 (Fla. 2d DCA 1989); Wick v. State, 651 So.2d 765 (Fla. 3d DCA *1065 1995); Wright; Melbourne v. State, 655 So.2d 126 (Fla. 5th DCA 1995). In fact, in Wick, the Third District followed its previous holding in Wright and distinguished Boutwell on the basis that it involved the offense of driving with a suspended license and did not involve the DUI statute.
Based on the foregoing, we reiterate our previous holding in Pulaski and conclude that multiple convictions for DUI with serious bodily injury are permissible for injuries to multiple victims arising from a single driving episode. We, therefore, reverse the trial court's order dismissing count two of the subject information and remand the instant cause for reinstatement of that charge.
Reversed and remanded.
SCHOONOVER, A.C.J., and PARKER, J., concur.