665 So.2d 1066 (1995)
Laurentino Bravo SALAZAR, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0712.
District Court of Appeal of Florida, Fourth District.
November 1, 1995.
*1067 Richard Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert Butterworth, Attorney General, Tallahassee, and John Tiedemann, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
While driving under the influence of alcohol and with a suspended driver's license, appellant, Laurentino Bravo Salazar, caused a single traffic accident with another car. As a result, one person was killed, three others injured (one seriously) and damage was done to the property of two separate entities. Salazar was convicted of one count of DUI manslaughter, two counts of DUI with bodily injury, one count of DUI with serious bodily injury, two counts of DUI with property damage and one count of simple DUS (driving with a suspended license). Appellant challenges his multiple convictions arising out of the same drunk driving episode[1] and argues that separate convictions for the injuries to three separate persons and damage to two separate property owners is contrary to the intent of section 316.193, Florida Statutes (1993), violates double jeopardy and may not stand. Because we believe that this case is controlled by Boutwell v. State, 631 So.2d 1094 (Fla. 1994), we reverse in part and affirm in part.
In Boutwell, the defendant, driving with a suspended license, caused an accident injuring four people. Boutwell was convicted of four counts of DUS with injury pursuant to section 322.34(3), Florida Statutes (1991). Construing DUS as a "continuing offense," the supreme court held "that regardless of the number of injured persons, there can be but one conviction under section 322.34(3) arising from a single accident." 631 So.2d at 1095 (footnote omitted). The court stated that it was merely "fortuitous" that four persons were injured as a result of the defendant's negligence. Id.
*1068 In discussing the relationship between the offense of simple DUS in section 322.34(1) and DUS with injury in section 322.34(3), the court in Boutwell stated:
It is evident that section 322.34(3) does no more than enhance the penalty for driving with a suspended license in cases where the driver through the careless or negligent operation of his vehicle causes death or serious bodily injury. If the violation of section 322.34(1) in a single driving episode can be only one offense, the violation of section 322.34(3) in a single driving episode should be considered as one offense.
631 So.2d at 1095.
The statutory offenses of DUI and DUS are strikingly parallel. Both DUI and DUS are status offenses; that is, the offense is complete whenever a driver gets into a vehicle and drives either under the influence of alcohol or with a suspended license. Similar to the offense of DUS, DUI has been held to be a continuing offense; that is, the singular violation, once initiated, continues until the driving episode ends. See Michie v. State, 632 So.2d 1106, 1108 (Fla. 2d DCA 1994) ("[T]raffic offenses such as driving under the influence or driving with a suspended license are `continuing offenses' permitting a single conviction per episode."). The DUI statute is also comparable to the DUS provision in that the penalty for DUI is enhanced, or made more serious, if injury to person or property results during the forbidden driving episode.
We find no reason to distinguish DUI from DUS for determining whether separate convictions are permissible in instances where multiple injuries arise from the same traffic accident. We hold that, like DUS with injury proscribed under section 322.34(3), the commission of DUI with serious bodily injury under section 316.193(3)(c)2 or DUI with property damage or injury under section 316.193(3)(c)1 which arises out of a single driving episode should each be considered single offenses regardless of the number of persons injured or items of property damaged. Salazar did not intend to commit separate crimes by his single act of driving under the influence, and it was, to use the terminology of Boutwell, "fortuitous" that the single traffic accident injured three persons and damaged two separate properties.
We find no inconsistency between our result and that in Houser v. State, 474 So.2d 1193 (Fla. 1985), where the supreme court held that a defendant could receive multiple convictions for multiple deaths resulting from one incident of driving under the influence. Houser clearly was predicated on the court's determination that DUI manslaughter is not an enhancement of simple DUI, but rather a separate homicide offense. The court stated that "the additional element of the death of a victim raises DWI manslaughter beyond mere enhancement and places it squarely within the scope of this state's regulation of homicide." Id. at 1196.[2] Unlike DUI manslaughter, it is clear that section 316.193(3)(B)1 and 2 are enhancements to the basic offense. We can discern no legislative intent to make DUI resulting in bodily or serious injury or property damage discrete crimes against the individual, as is DUI manslaughter.
We believe that Boutwell has undercut and impliedly overruled the holding in Pulaski v. State, 540 So.2d 193 (Fla. 2d DCA), rev. denied, 547 So.2d 1210 (Fla. 1989). In Pulaski, the appellant was convicted of two counts of driving under the influence of alcohol with bodily injury where two separate persons suffered bodily injury as a result of one drunk driving episode. The second district court, relying on Houser, approved the separate convictions based on the rationale that DUI with injury is not an enhancement of DUI but is a discrete crime against the person. Id. at 194. The holding in Boutwell compels us to disagree with the rationale *1069 utilized in Pulaski.[3]
We further reject any contention that the supreme court's holding in Boutwell approved that part of the decision in Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991), quashed on other grounds, 600 So.2d 457 (Fla. 1992) which sanctioned multiple convictions under the DUI Statute where a single accident results in injuries to multiple persons. In Boutwell, the supreme court asserted conflict jurisdiction over Wright and this court's decision in Boutwell v. State, 625 So.2d 1215 (Fla. 4th DCA 1993), solely to decide the issue of whether or not a driver with a suspended license who negligently caused an accident resulting in various injuries to four persons could be convicted of more than one offense. 631 So.2d at 1094-95. The question of multiple convictions under the DUI Statute was not considered by the supreme court in Boutwell. In fact, the supreme court noted that at the time it considered the conflict question, the decision in Wright had already been quashed in State v. Wright, 600 So.2d 457 (Fla. 1992) based on the district court's handling of a peremptory challenge issue. Id. at 1095 n. 3.
Lastly we reject Salazar's contention that he cannot be convicted of both DUI with serious bodily injury and DUI with property damage or injury as a result of his single driving episode. We find that the legislature listed separate categories of different DUI offenses in separate enumerated subsections in the DUI statute for a reason  it wanted to make each category of offense a separate crime. Thus, if several persons are seriously injured in a single traffic accident caused by a drunk driver and property damage also results, the defendant may be convicted under both the DUI with serious bodily injury subsection and the DUI with property damage subsection. We note that each injured person and damaged property item may be referenced in the information or indictment, but only one conviction for DUI with serious bodily injury under subsection (3)(c)2 and one conviction for DUI with property damage under subsection (3)(c)1 may obtain.
We have considered the other arguments raised by appellant and find them to be without merit. Accordingly, we reverse appellant's four misdemeanor counts of DUI with damage to property or person and vacate the judgments and sentences on those counts. We remand this case to the trial court to merge those four counts and enter judgment and sentence for but one conviction. In all other respects, we affirm.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GLICKSTEIN, J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
I respectfully dissent, as I believe that the supreme court implicitly upheld multiple convictions under section 316.193(3)(c)(2) in Boutwell. Support for this position is found in Boutwell itself, as well as in Melbourne v. State, 655 So.2d 126 (Fla. 5th DCA 1995).
In Boutwell, the supreme court cited conflict between Wright v. State, 592 So.2d 1123 (Fla. 3d DCA 1991), quashed on other grounds, 600 So.2d 457 (1992), and this court's decision in Boutwell, 625 So.2d 1215 (Fla. 4th DCA 1993). The supreme court's holding in Boutwell affirmed that part of the Wright decision which stated that regardless of the number of injured persons, there can be only one conviction under section 322.34(3) (driving with suspended license/serious bodily injury). However, the Wright court specifically allowed multiple convictions under 316.193(3)(c)(2), finding that a single accident resulting in four injured persons may allow four convictions for DUI causing serious injury. Wright, 592 So.2d at 1126. Boutwell did not reverse the multiple convictions for DUI with injuries. When the court affirmed Wright, it therefore implicitly affirmed the trial court's disposition as to Mr. Salazar in this case.
*1070 Support for this position can be found in Justice Grimes' dissent in Boutwell. As support for this view on multiple DUI convictions, the dissent cites the majority's adoption of Wright as an allowance of multiple convictions for DUI with serious bodily injury. Boutwell, at 1096. Justice Grimes then states:
If multiple convictions are permitted for DUI manslaughter and DUI with serious bodily injury when multiple victims are involved, there is no reason why the same principle should not apply to driving with a suspended license and causing serious bodily injury to more than one person.
Id. (Emphasis added.) Clearly, the dissent interprets Boutwell to allow multiple convictions under 316.193(3)(c)(2).
The fifth district has reached a similar conclusion interpreting Boutwell in Melbourne v. State, stating that it is important to note that the case approved in Boutwell was Wright v. State, 592 So.2d 1123 (Fla. 3rd DCA 1991). The Melbourne majority observed:
The Wright court had expressly upheld four convictions for DUI causing serious bodily injury while reversing the four convictions for driving with suspended license causing serious bodily injury. The Wright court explained simply that driving with a suspended license was a single offense whereas the injuries to four persons warranted the multiple DUI with injuries convictions. Although this analysis isn't very instructive, the Wright court reached a common sense result.
655 So.2d 126, 129 (Fla. 5th DCA 1995).
Based on this interpretation of Boutwell, and the position of the Fifth District in Melbourne, I conclude that multiple convictions are permitted under 316.193(3)(c)(2). As such, I would affirm. At the very least, we should certify the question to the supreme court as Judge Harris suggests in his dissent to Melbourne.
NOTES
[1] Appellant does not challenge his conviction for DUI manslaughter or misdemeanor DUS.
[2] The Fifth District Court of Appeal has recently adhered to the rationale enunciated in Houser to hold that a defendant may receive separate convictions for two counts of DUI manslaughter in addition to a conviction for one count of DUI with serious bodily injury arising out of the same driving episode. Melbourne v. State, 655 So.2d 126 (Fla. 5th DCA 1995) (Harris, C.J., dissenting). We certify conflict with Melbourne.
[3] We certify conflict with State v. Lamoureux, 660 So.2d 1063 (Fla. 2d DCA 1995), which, relying on the continued viability of Pulaski, reached a different result.