MICKLE, Judge.
The state appeals an order 1) granting Appellee Scott L. Miller’s motion to dismiss a five-count information on double-jeopardy grounds and 2) certifying the following as a question of great public importance:
WHETHER MULTIPLE CONVICTIONS FOR DUI WITH INJURIES OR PROPERTY [DAMAGE CAN] BE OBTAINED AGAINST A DEFENDANT, WHERE THERE ARE SEVERAL PERSONS INJURED AND DIFFERENT PROPERTY DAMAGED, CAUSED BY [A] DEFENDANT DRIVING UNDER THE INFLUENCE, AS THE RESULT OF ONE DRIVING EPISODE?
Finding that the recent decision in Melbourne v. State, 679 So.2d 759 (Fla.1996) (double-jeopardy principles did not preclude defendant’s convictions for two counts of DUI manslaughter and one count of DUI with serious bodily injury, even though convictions arose from single violation of DUI statute, where defendant caused death of two persons and injury to third person), essentially addresses the certified question, we reverse the order of dismissal and remand with directions to the trial court to reinstate the information.
Miller was driving a car that rear-ended another vehicle. The accident injured the other driver and his two young children and damaged the second vehicle and a fenced yard adjoining the collision site. The state charged Miller with three counts of DUI with damage to a person and two counts of DUI involving damage to the property of another. Miller filed a motion to dismiss claiming that, for “one driving episode,” double-jeopardy protections and section 316.193, Florida Statutes (1995) (DUI provision), prevented the state from charging him with more than one count of DUI damage to a person and more than one count of DUI damage to property. Miller sought dismissal of the other two counts of DUI damage to a person and the other count of DUI damage to property.
The trial court did not have the benefit of the supreme court’s subsequently issued opinion in Melbourne. The trial court dismissed Miller’s information but indicated that the state could amend it to charge one count each of DUI damage to a person and to property. Miller did not cross-appeal the ruling permitting the state to charge offenses alleging damage to a person and damage to property based upon the same driving episode. In light of the Melbourne court’s distinguishing of Boutwell v. State, 631 So.2d 1094 (Fla.1994) (regardless of number of injured persons, there can be only one conviction arising from single accident under § 322.24, Fla. Stat., provision governing causing death or serious bodily injury while driving with suspended license), and the Third District Court’s reasoning in Hertzschuch v. State, 687 So.2d 52, 53 (Fla. 3d DCA 1997), that the Melbourne opinion’s language relating to DUI injury to persons should apply with equal force to DUI damage to property, we answer the certified question in the affirmative.
The order of dismissal is REVERSED, and the cause REMANDED, with directions to reinstate the five-count information.
WEBSTER and LAWRENCE, JJ., concur.