On Rehearing

PER CURIAM.
By motion for rehearing Ms. Hanna argues that the sentences imposed for her felony convictions violate the plea agreement.
Defendant Hanna entered into a written plea agreement which provided for imposition of a guidelines sentence in multiple cases.
Defendant’s guidelines scoresheet calculation was for 16.8 state prison months. Under the applicable guidelines statute, a sentence must be within the “guidelines unless there is a departure sentence with written findings.” § 921.001(5), Fla. Stat. (1997). However, “[a] person sentenced for a felony committed on or after July 1, 1997, who has at least one prior felony conviction and whose minimum recommended sentence is less than 22 months in state prison may be sentenced to a term of incarceration not to exceed 22 months.” Id.
The defendant argues that as a matter interpretation of the plea agreement, the guidelines sentence was 16.8 months as shown on the scoresheet, and not the twenty-two months which is allowed to the trial judge under the statute. She argues that her twenty-two-month sentences in the felony cases must be reduced accordingly.
For two reasons, we disagree. First, the transcript of the sentencing proceedings makes clear that all parties, including the defendant, understood that under this plea agreement, the trial judge was permitted to impose up to a twenty-two-month sentence. No one ever contended that the twenty-two-month figure was in any way a violation of the plea agreement. Instead, the parties argued about whether the trial judge should impose the maximum twenty-two-month sentence, or should exercise discretion to impose a lower sentence. This is a rather powerful indication of the intent and scope of the agreement.
Second, we think the twenty-two-month provision is properly viewed as being within the guidelines, because it is a sentence *357 the trial court is allowed to impose without giving departure reasons. We reached a comparable result in construing an earlier version of the guidelines in Wick v. State, 651 So.2d 765, 766 (Fla. 3d DCA 1995).
Rehearing denied.