DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHIRLEY COTO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2602

[May 20, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 16011469 CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Shirley Coto appeals her conviction and sentence for several charges stemming from her involvement in a two-vehicle collision that left one dead and three others injured. Although she was acquitted of several charges, Coto claims that the trial court erred in adjudicating her guilty of and sentencing her on four counts of driving without a license and causing death or serious bodily injury under section 322.34(6), Florida Statutes (2015). She alleges that her multiple convictions on these charges violates double jeopardy. We agree and reverse as to that issue but affirm as to all other issues raised on appeal.

On the day of the incident, Coto drove her friend's car to pick up four children, including Coto's daughter, from school. Although Coto had permission to get the children from school, she was supposed to walk them home because Coto did not have a valid driver's license. While in the vehicle, none of the children were wearing seatbelts. After picking up the children, Coto made a stop at a local liquor store before heading to a nearby shopping plaza. While preparing to make a left turn into the plaza, Coto waited at the intersection until the oncoming traffic was clear. Just

as Coto made her turn, another car ran the red light and crashed into the side of her vehicle in the middle of the intersection.

As a result of the crash, one of the children in Coto's vehicle died and the three who survived, including Coto's daughter, sustained serious injuries. The officer who arrived on the scene noticed that Coto's eyes were watery, glassy, and bloodshot and that her breath smelled of alcohol. Coto's blood was drawn twice at the hospital approximately five hours after the crash, and testing showed that she had a blood alcohol concentration of .09 and .07. Over a year later, the State charged Coto by information with eighteen separate counts: aggravated manslaughter of a child (Count I); DUI manslaughter, unlawful blood alcohol level (Count II); DUI serious bodily injury, unlawful blood alcohol level (Counts III, IV, and V); DUI manslaughter, impairment (Count VI); DUI serious bodily injury, impairment (Counts VII, VIII, IX); operating a motor vehicle without a driver's license and negligently or carelessly causing death or serious bodily injury (Counts X, XI, XII and XIII); neglect of a child (Counts XIV, XV and XVI); driving without vehicle registration (Count XVII); and operating a motor vehicle with an unlawful license plate (Count XVIII).

At Coto's trial, an accident reconstructionist testified that while the other driver was the primary cause of the crash, Coto's failure to observe the danger posed by turning in front of a speeding vehicle was the secondary cause of the accident. He also stated that Coto's drinking impaired her normal faculties to the point that she did not properly perceive the other vehicle encroaching. Additionally, the reconstructionist could not discount the effect that the children's failure to have their seatbelts on, and Coto's failure to have a driver's license, played in the accident.

At the end of deliberations, the jury found Coto guilty of one count of operating a vehicle without a valid license causing death; three counts of operating a vehicle without a license causing serious bodily injury; three counts of child neglect; and failure to register a motor vehicle. The jury acquitted Coto of all the DUI-related charges.

Coto filed post-verdict motions for judgment of acquittal on some of the charges. Although the trial court granted her motion as to the child neglect charges, it denied her motion as to the operating a vehicle without a license causing death and serious bodily injury charges and adjudicated her guilty on those counts.

At sentencing, the State prepared a Criminal Punishment Code ("CPC") score sheet that designated one of the four driving without a license

2

causing death or serious bodily injury counts as the primary offense, with each of the other three counts of that offense and the misdemeanor failure to register a motor vehicle offense scored as "additional offenses." In all, Coto was assessed 240 victim injury points — 120 for one death and 120 for the severe bodily injury of three individuals. Other points were also assessed for Coto's prior convictions, all of which were driver's license or vehicle registration violations. Her total sentencing points gave Coto a lowest-permissible sentence of approximately sixteen years in prison. The court ultimately sentenced Coto to seventeen years in prison—three consecutive five-year sentences, followed by a consecutive two-year sentence. The trial court also entered orders directing Coto to pay restitution to the three children who were injured in the crash.

Coto later filed her motion to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2) with the trial court. Coto claimed that: (1) the adjudication of guilt as to four counts of driving without a driver's license and causing serious bodily injury or death violated the constitutional prohibition against double jeopardy because her driving without a license was a single act; (2) the assessment of sentencing points for those four counts violated double jeopardy for the same reason; (3) the imposition of 240 victim injury points was erroneous because Coto's driving without a driver's license was not the primary cause of the injuries or death at issue; and (4) the imposition of restitution was erroneous because Coto's driving without a license did not proximately cause the injuries or death at issue. The trial court entered an order denying all of Coto's claims without a hearing. This appeal followed.

Although Coto first raised the double jeopardy claim in her Rule 3.800(b)(2) motion, it was not proper there. *See Farrar v. State*, 42 So. 3d 265, 266 (Fla. 5th DCA 2010). However, a claim brought to the court by improper means may nonetheless be reviewed by an appellate court for fundamental error. *See Schwartzberg v. State*, 215 So. 3d 611, 615 (Fla. 4th DCA 2017) ("[A] double jeopardy violation is fundamental error."). "Double jeopardy claims based on undisputed facts present questions of law and are subject to de novo review." *Id.* (quoting *Graham v. State*, 207 So. 3d 135, 137 (Fla. 2016)).

"The constitutional protection against double jeopardy is found in both article I, section 9, of the Florida Constitution and the Fifth Amendment to the United States Constitution . . . ." *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009). This protection prevents the state or federal government from "subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense." *Id.* However, it is not absolute. "Despite this constitutional protection, there is no constitutional

prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *Id.* In other words, "[t]he Double Jeopardy Clause 'presents no substantive limitation on the legislature's power to prescribe multiple punishments,' but rather, 'seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.'" *Borges v. State*, 415 So. 2d 1265, 1267 (Fla. 1982) (quoting *State v. Hegstrom*, 401 So. 2d 1343, 1345 (Fla. 1981)).

The Florida Supreme Court has previously addressed double jeopardy in the context of a similar case where a defendant was charged and convicted of multiple counts of driving with a suspended license causing death or serious injuries. There, the Court found such multiple convictions violated the constitutional prohibition against double jeopardy. *See Boutwell v. State*, 631 So. 2d 1094, 1095 (Fla. 1994). In *Boutwell*, the defendant was involved in a car accident that caused serious injuries to four occupants of the other vehicle. Like Coto, Boutwell was also driving without a license. *Id.* at 1094-95. Boutwell was subsequently charged and convicted under section 322.24(3), Florida Statutes (1991), of four counts of driving while license suspended causing death or serious injuries. *Id.* at 1095. Like Coto, Boutwell claimed "that his multiple convictions violated the constitutional prohibition against double jeopardy because his actions constituted but one criminal offense." *Id.*

On appeal, the Court agreed with the defendant and quashed the lower court's decision. *Id.* The Court noted that section 322.24(3) "does no more than enhance the penalty for driving with a suspended license in cases where the driver through the careless or negligent operation of his vehicle causes death or serious bodily injury." *Id.* To the Court it was mere happenstance that four persons were injured as a result of Boutwell's negligent driving instead of only one. *See id.*

Notwithstanding *Boutwell*, the State now urges this court to uphold Coto's separate convictions under the same reasoning other courts have used to uphold multiple DUI convictions arising out of the same incident. *See, e.g., Melbourne v. State*, 679 So. 2d 759, 765 (Fla. 1996); *Boutwell*, 631 So. 2d at 1095-96 (Grimes, J., dissenting). In *Melbourne*, the defendant was convicted of two counts of DUI manslaughter and one count of DUI with serious bodily injury. *Id.* at 765. On appeal, the defendant argued that her convictions violated double jeopardy because they arose "from a single violation of the DUI statute." *Id.* However, the Court disagreed. *Id.* It reasoned that "multiple convictions c[ould] arise from a single violation of the DUI statute where injury results to several persons."

4

*Id.* To explain why, it compared a DUI violation to driving with a suspended license, the violation in *Boutwell*:

> In the case of driving with a suspended license, the link between the violation and injury is indirect — the suspended license in no way causes the driver's carelessness or negligence. To allow multiple convictions for a single violation of this statute would be illogical because the violation does not cause injury to any of the victims. In the case of DUI, on the other hand, the link is direct — the driver's intoxication results in his or her inability to drive safely. The DUI driver may sustain multiple convictions because the violation causes injury to each victim.

*Id.* Former Justice Stephen Grimes disagreed with this reasoning in his dissent in *Boutwell*, 631 So. 2d at 1096 (Grimes, J., dissenting). There he opined: "[i]f multiple convictions are permitted for DUI manslaughter and DUI with serious bodily injury when multiple victims are involved, there is no reason why the same principle should not apply to driving with a suspended license and causing serious bodily injury to more than one person." *Id.*

After the *Boutwell* and *Melbourne* decisions, several district courts, including ours, confirmed the distinction between DUI violations and driving with a suspended license. *See State v. Lamoureux*, 660 So. 2d 1063, 1064-65 (Fla. 2d DCA 1995); *Wick v. State*, 651 So. 2d 765, 766 (Fla. 3d DCA 1995); *see also Jackson v. State*, 634 So. 2d 1103, 1104 (Fla. 4th DCA 1994) (stating that chapter 322 "contemplates convictions arising out of separate driving episodes, not multiple convictions arising out of one driving episode").

The act of driving with no valid license or while your license is suspended, cancelled, or revoked is a "continuous, unlawful act . . . set on foot by a single impulse." *See Hallman v. State*, 492 So. 2d 1136, 1138 (Fla. 2d DCA 1986)) (quoting *United States v. Midstate Horticultural Co.*, 306 U.S. 161, 166 (1939)). Each time an individual with no license or whose license has been suspended, cancelled, or revoked "makes the decision to assume control of his vehicle, he has broken the law." *Id.* But in *Boutwell,* the Court made clear that section 322.34(6) only enhanced the punishment for that offense "in cases where the driver through the careless or negligent operation of his vehicle causes death or serious bodily injury." *See Boutwell*, 631 So. 2d at 1095. Thus, "[w]hen an illegal act, as here, is ongoing, there is simply no practicable place to draw the line between one charge and several." *Hallman*, 492 So. 2d at 1138.

5

Accordingly, it is the course of action of driving with no valid license and causing injury that is prohibited; thus, there can only be one penalty for such an offense. *See Blockburger v. United States*, 284 U.S. 299, 302 (1932) ("[W]hen the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie.") (citation omitted). Because "the legislature has not explicitly stated the unit of [this] offense, the doubt [should] be judicially resolved in favor of construing a single transaction as a single offense." *Hallman*, 492 So. 2d at 1138 (quoting *People v. Dillingham*, 249 N.E.2d 294, 297 (1969)).

We find that Coto's adjudication and sentence for multiple counts under section 322.34, the driving with a suspended license statute, violates double jeopardy. While Justice Grimes makes a compelling argument in his *Boutwell* dissent that multiple convictions under section 322.34 should be permitted, that viewpoint was expressly rejected by the Florida Supreme Court when they held in *Melbourne* that "only one conviction can arise from a single violation of the driving with a suspended license statute even though injury results to several persons." 679 So. 2d at 765. We are constrained to follow that result. Section 322.34(6) contains no language similar to that found in the DUI statute, section 775.021(4)(b), Florida Statutes (2015), which states that the legislature intends to convict and sentence a defendant for "each criminal offense" they commit in the course of one criminal transaction, unless several exceptions are present. Though the State makes several arguments about public policy and legislative intent as to why multiple convictions under section 322.34(6) should be authorized just as they are in DUI cases, the expression of such intent "belong[s] to the legislature." *See Stanley v. Quest Intern. Inv., Inc.*, 50 So. 3d 672, 673 (Fla. 4th DCA 2010).

We also note that since being apprised of the double jeopardy issue in the *Boutwell* and *Melbourne* decisions the legislature has not chosen to amend the statute. "Long-term legislative inaction after a court construes a statute amounts to legislative acceptance or approval of that judicial construction." *State v. Cable*, 51 So. 3d 434, 443 (Fla. 2010) (quoting *Goldenberg v. Sawczak*, 791 So. 2d 1078, 1081 (Fla. 2001)); *accord Faro v. Porchester Holdings, Inc.*, 792 So. 2d 1262, 1263 (Fla. 4th DCA 2001). For those reasons, Coto's multiple convictions under section 322.34 cannot stand.

However, there is no error in the court's assessment of multiple victim injury points in this case. Florida Rule of Criminal Procedure 3.704(d)(9) states that a court may add points to a defendant's CPC score sheet for

"victim injury" when there is "physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing." *Accord* § 921.0021(7)(a), Fla. Stat. (2018). These victim injury points "must be scored for each victim physically injured and for each offense resulting in physical injury whether there are 1 or more victims" for all offenses which the defendant has been convicted. Fla. R. Crim. P. 3.704(d)(9). When an individual is charged under section 322.34(6), "a determination already has been made that the person is no longer fit to be driving on Florida's highways." *State v. Smith*, 638 So. 2d 509, 510 (Fla. 1994). Thus, a causal connection exists between Coto's criminal offense of driving without a valid license causing death or serious bodily injury and the injury to Coto's passengers. This causal connection supports the imposition of victim injury points. *See Benson v. State*, 763 So. 2d 1235, 1236 (Fla. 2d DCA 2000) (holding that the causation requirement was met because the passenger in the defendant's vehicle "was injured as a direct result of [the defendant's] careless or negligent operation of the car without a license."); *see also Block v. Sec'y, Dep't of Corr.*, 2019 WL 700113, at *7 (M.D. Fla. Feb. 20, 2019) (stating that a conviction under section 322.34(6) can support the imposition of victim injury points).

In sum, Coto can only be convicted and sentenced once under section 322.34(6) as her violation of that section constituted only one criminal offense. *See Boutwell*, 631 So. 2d at 1095. We therefore vacate three of Coto's four convictions under section 322.34(6)(a) and remand with directions for the trial court to sentence her accordingly for the remaining conviction pursuant to that section. We affirm as to all other issues without further discussion.

*Affirmed in part, Reversed in part, and Remanded.*

CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

7